## BASHINSKI v. THE STATE (two cases).

1. The Penal Code, § 398 (making penal the keeping of a gaming-house or renting a house to be used for gaming) defines a single offense, which may be committed in any one of the three ways therein designated.  Therefore an indictment containing two counts, one charging the defendant with maintaining a gaming-house, and the other with knowingly renting the house with the view and expectation of the same being used for gaming, is not open to demurrer on the ground of misjoinder of separate and distinct offenses.  Nor was the second count defective because the name of the tenant was not averred.

2. The verdict against the special plea in bar is not reviewable by direct exception, assigning error that it is contrary to law and the evidence.

3. Where guilty knowledge is the gist of the offense, anything going to show

the existence of such knowledge is admissible in evidence, and it is immaterial when and from what source such knowledge was acquired.

4. Evidence of a prior conviction of a similar offense, or of the pendency of an indictment charging a like offense, offered by the State, is incompetent to prove the charge made in the indictment under which the defendant is being tried. Such evidence is hurtful as giving the jury an opportunity to infer that the accused is a persistent violator of the law against gaming, and is in all likelihood guilty of the specific charge then brought against him.

5. Testimony that the defendant was lessee of the premises during the period within which it was alleged gaming was carried on in the house was admissible as showing he had control over the premises.

6. If the defendant did not rent the premises for an illegal or immoral purpose, he was under no obligation to use ordinary diligence in discovering the use to which the premises were put; but if the circumstances of the conduct of that business were such as to put him upon notice that the premises were used for gaming, the jury would be authorized to find that the defendant had knowledge that the premises were so used.

Submitted July 10, — Decided July 17, 1905.

Indictment for renting room for gaming. Before Judge Hodges. City court of Macon, June 13, 1905.

*John R. Cooper* and *M. G. Bayne*, for plaintiff in error.
*William Brunson, solicitor-general*, contra.

EVANS, J. The indictment against the defendant contained two counts, the first charging him with keeping and maintaining a gaming-house where persons were permitted, with his knowledge, to come together and play for money and other things of value, and the second charging that he " did knowingly rent and let a house and room with the view and expectation of the same being used as a gaming-house and gaming-room." To this indictment the defendant demurred on the grounds, that the second count did not specify the name of the tenant to whom the premises were rented; and that there was a misjoinder of offenses, and the court should require the State to elect upon which count it would proceed. The demurrer was overruled. The defendant then filed a plea of former conviction. This plea was traversed by the State, and the issue was submitted to a jury, who found in favor of the traverse and against the plea. Thereupon the defendant sued out a bill of exceptions complaining of the overruling of his demurrer, and that the verdict of the jury was contrary to law and without evidence to support it. Afterwards, at the same term, the defendant was put upon trial, and convicted. He made a motion for a new trial, which was overruled, and he

sued out a second bill of exceptions, therein complaining of the refusal to grant a new trial upon the various grounds set out in his motion. The cases were argued together before this court.

1. There is no merit in any of the grounds of the demurrer. The charge in the indictment was stated in the language of the statute. Penal Code, § 398. It is not necessary, in an indictment for knowingly renting a house with a view and expectation of the same being used as a gaming-house, that the name of the tenant should be averred. 9 Enc. Pl. & Pr. 775. Neither was there a misjoinder of offenses. The offense of keeping a gaming-house, as defined in the section of the Penal Code above cited, may be committed in any one of the three ways therein designated. The purpose of the statute was to make penal the maintenance of a gaming-house, whether it was conducted directly by the owner or by his servant or agent, or whether he permitted persons to come together at his house and play for money or other thing of value, or knowingly rented a house with the view and expectation that it should be used for that purpose. Thus it has been held that upon an indictment for keeping a gaming-house, and also for renting a house to be used for gaming, a general verdict of guilty is sufficient. *Dohme* v. *State*, 68 *Ga.* 339.

2. Where an issue of fact has been tried by a jury and a verdict returned, and the losing party desires to have the correctness of the verdict reviewed by this court, a motion for a new trial is indispensable. *Holsey* v. *Porter*, 105 *Ga.* 837; *Bacon* v. *Jones*, 117 *Ga.* 497. There was no motion for a new trial complaining of the finding of the jury upon the issue formed by the traverse to the plea of autrefois convict, but the verdict is attacked by direct bill of exceptions. This being true, we can not undertake to pass upon the correctness of that verdict.

3. During the course of the trial on the indictment, the court admitted the testimony of a witness that two of the persons who frequented the place where gaming was conducted, one of whom the State contended was the tenant of the defendant, were professional gamblers and had been for ten years. This evidence was objected to, because, at a prior term of the court, the defendant had been convicted of the offense of keeping and maintaining a gaming-house by renting the house to one of these persons who the witness testified were professional gamblers. The defendant

urged the further objection that the reputation of these persons at a period extending beyond the statute of limitations was irrelevant. The gist of the offense of knowingly renting a house for the practice of gaming is knowledge on the part of the landlord that the house is to be used for that purpose. Knowledge may be proved by circumstances. As was said in *Bashinski* v. *State*, 122 *Ga.* 164, where guilty knowledge is the gist of the offense, anything going to show the existence of such knowledge is admissible, and it is immaterial when or from what source such knowledge was acquired.

4. The court also allowed in evidence, over the defendant's objection, an indictment against him, charging him with having committed a like offense on November 14, 1904, with a verdict of guilty indorsed thereon, and a presentment against the defendant, charging him with the offense of keeping a gaming-house, in the language of the indictment under which he was being tried, as having been committed on January 1, 1905, upon which latter charge he had not been tried. The objection to this evidence was that it was irrelevant and hurtful to the accused. The presentment could under no circumstances be of any evidentiary value. It amounted to merely an accusation by the grand jury that the defendant was guilty of the offense therein charged. The indictment under which he had previously been convicted was likewise irrelevant, because it was in no sense competent evidence to prove the charge made in the indictment under which the defendant was then being tried. That the admission of this evidence was harmful is manifest. In this improper way the jury were informed that the defendant had been previously convicted of a similar offense and that a charge of having committed a like offense was still pending against him. Thus the jury were given the opportunity to infer that the accused was a persistent violator of the laws against gaming and was in all likelihood guilty of the specific charge then brought against him.

5. Objection was made to the testimony of the owner of the premises, that he had rented the same to the defendant. This testimony was competent to show that the defendant, by virtue of his lease, had control of the premises during the period within which it was alleged the house was conducted as a gaming establishment.

6. Criticism is made upon a charge of the court, to the effect that the defendant would be guilty if he "ought to have known of the character of the room in the exercise of the care of an ordinarily prudent man." It is apparent, from a reading of the entire charge of the court, that the presiding judge intended to instruct the jury that if the circumstances disclosed by the evidence were sufficient to satisfy a man of ordinary intelligence that the rented premises were being put to an illegal use, or at the time he rented the same he had good reason to expect they would be put to such a use, then the jury would be authorized to find that the accused had knowledge of the purpose for which the house was rented from him and was used by his tenant. The instruction complained of, however, is susceptible of .the construction that the law imposed upon the defendant the duty of exercising ordinary diligence in ascertaining the character of the business conducted in the house over which he had control. If the defendant did not rent the premises for an illegal or immoral purpose, he was under no obligation to use ordinary diligence in discovering the use to which the premises were put; but if the circumstances of the conduct of that business were such as to put him upon notice that the premises were used for gaming, the jury would be authorized to find that the defendant had knowledge that the premises were so used. *Rivers* v. *State*, 118 *Ga.* 42. Upon the next trial of the case the court will doubtless so frame its charge as to leave the jury to determine whether or not, under the circumstances brought to light, the defendant did in point of fact know that the premises rented by him were used as a gaming-house, and that the illegal business therein conducted was with his tacit permission and consent.

*Judgment in the one case affirmed; in the other reversed. All the Justices concur, except Simmons, C. J., absent.*