## 2185. HALL v. THE STATE.

1. Alleged disqualification of grand jurors propter affectum is not a valid ground for plea in abatement to an indictment.
2. A motion for continuance primarily addresses itself to the trial judge, and his ruling thereon will not be disturbed, unless it is manifest that he has abused his discretion. The record fails to disclose an abuse of discretion in this case.
3. In a prosecution for burglary the ownership of the house alleged to have been broken need not be shown by the production of title deeds or other writings. Proof of possession is sufficient evidence of ownership; the possession of an agent or custodian raises a presumption of ownership by his principal.

4. A carrier has such an interest in the goods which are in its custody for transportation as to support the allegations of its ownership, in an indictment for larceny or burglary.

5. The trial judge may, without violating the principles of section 1032 of the Penal Code, give his reasons for a ruling on objections to testimony, though these reasons may state somewhat of the facts that have been shown in the case.

6. It is no objection to evidence which has a direct relevancy to the case on trial that it also tends to show a distinct and separate crime on the defendant's part.

7. The words of a charge are not to be considered dislocated from their context, but are to be construed together with all that is said on the subject. Thus viewed, the charge of the court on the subject of flight, as a circumstance tending to show guilt, was somewhat verbally inaccurate, but not materially erroneous.

8. The verdict is well supported by the testimony, and no sufficient error is pointed out to justify the grant of a new trial.

Indictment for burglary; from Jeff Davis superior court—Judge Parker. August 21, 1909.

Argued October 26,—Decided November 9, 1909.

Rehearing denied December 10, 1909.

*P. L. Smith, W. W. Bennett,* for plaintiff in error.

*J. H. Thomas, solicitor-general,* contra.

POWELL, J. The defendant was charged with burglary, in that he broke and entered the warehouse of the Southern Railway Company at Hazlehurst, Ga., and stole certain freight therein contained, alleged to be the property of the Southern Railway Company. Upon arraignment, and before pleading to the merits, he filed a plea in abatement, on the ground that certain of the grand jurors who had participated in the finding of the indictment were related to the consignees of some of the articles of freight alleged to have been stolen. The court struck the plea, and this is made a basis for one of the exceptions. The defendant was convicted, and made a motion for new trial, which was overruled. To this also exception is taken. By exception pendente lite, as well as in his motion for new trial, the point is made that the court erred in not continuing the case. Further facts necessary to an understanding of the matters decided will be stated in the course of the opinion.

1. Whether a defendant can raise by plea in abatement the point that one or more of the grand jurors were disqualified by reason of relationship to some party interested, or for other grounds propter affectum, is a subject on which the courts are not in harmony. The weight of authority is to the effect that no such ground

of abatement exists. Upon the specific question as to whether re-
lationship to the prosecutor disqualifies a grand juror, see the note
to the case of State *v.* Russell as reported in 28 L. R. A. 195, 202.
In this State, the earliest adjudication of the Supreme Court is an
unqualified ruling to the effect that causes which would tend to dis-
qualify a grand juror propter affectum do not furnish sufficient
ground for a plea in abatement to the indictment. *Betts* v. *State,*
66 *Ga.* 509, 515. The reasons given by the court in that case seem
to be valid and convincing. It is true that there are several subse-
quent decisions of the Supreme Court in which there are to be
found intimations that the defendant might raise the point by plea
in abatement, if he could prove that he had no notice that his
case was to be investigated by the grand jury and had no oppor-
tunity to present his objections or challenge before the indictment
was returned; but in none of these cases is there any direct ruling
on the proposition. Of course, challenges propter affectum would
go against grand jurors empaneled as a special jury to try an issue
before the court; for in that event they stand in the same relation as
petit jurors. See *Justices* v. *Griffin &c. Plank Road Co.,* 15 *Ga.*
39. There is however, a vast difference between the functions of
grand juries and those of trial juries. In no true sense does the
grand jury try cases in which they prefer indictments. The object
of the grand inquest is, and has been from earliest time, to inform
the court as to what persons are suspected of crime, to the end that
they may be tried. Those who have committed, or who are ac-
cused of having committed offenses, have no right to a hearing be-
fore the grand jury, or to dictate as to how the inquest shall be
made, or what range the inquiry shall take. In investigating
crimes the grand jurors are performing a function for the benefit
of the State and, theoretically at least, not for the benefit of the
accused. It would seem that the main reason why the court should
remove partial grand jurors from the panel before the inquiry be-
gins is the inexpediency of putting the public to the trouble and ex-
pense of trying an alleged defendant, unless those who are impartial
are willing to accuse him on the testimony which the prosecution,
or State's counsel, is able to produce against him; and further,
there is incidentally the other reason that an injustice is done to
the individual citizen when he is subjected to accusation of crime by
those who would be more than normally willing to exalt bare unsup-

ported suspicion into a reasonable ground for indictment and trial. For this reason it is proper that the court should in advance of the grand jury's action receive information from the defendant, from an amicus curiæ or from any other legitimate source, tending to show that certain of the grand jurors would likely be biased, and that he should purge the panel so as to make it impartial. But when the grand jury has acted, when the formal charge has been made and published, when the trouble and expense of the preparation for trial has been incurred, when the defendant has been arraigned and asked, "Are you guilty or not guilty?"—when the injury that would result from the unjust accusation, if it is unjust, has been consummated, and there can be no vindication of the defendant except upon looking to the merits of the transaction, there is but a small quantum of justice, and less of expediency, in allowing him to say, "Delay the trial, because the State is prosecuting me on the information of prejudiced persons." If the accusation against the defendant is unjust and untrue, that fact can be established much more surely, satisfactorily, and quickly under the plea of not guilty than it can be by quashing the indictment, and ordering a new preliminary and inconclusive inquiry before another grand jury. Largely for these reasons, as well as for others, the courts of the country have been disinclined to allow defendants, by plea in abatement, to urge that one or more of the grand jurors who acted upon the indictment were disqualified. The tendency has been to cut off collateral inquiry and to allow the main issue to proceed. On the subject generally, see, in addition to the case cited above, those briefed and cited in the notes to the following cases: Com. *v.* Green, 126 Pa. 531 (17 Atl. 878, 12 Am. St. Rep. 894); *Lascelles* v. *State,* 90 *Ga.* 347 (16 S. E. 945, 35 Am. St. Rep. 216); State *v.* Easter, 30 Ohio, 542 (27 Am. Rep. 478).

2. The defendant filed a written, sworn motion for continuance, on the ground that he had an absent witness by whom he could prove that he procured honestly from another person the goods which it is alleged he took by the burglary; his contention being that this witness was present when the goods found in his house were brought and delivered to him. There was counter-showing as to the diligence of the prisoner in procuring this testimony, also there was testimony to the effect that the defendant had outlined his grounds of defense previously and had made no mention of this

witness. It further appeared that the witness was a fugitive from justice. We are unable to say that the judge abused his discretion by refusing to continue the case under the circumstances. It may be also noted that although the defendant made a full and lengthy statement in his own behalf and gave a full account of how he came into possession of the stolen goods, he made no reference therein to the presence of this witness or of any other persons, except his wife and the person from whom he said he got the goods; and the circumstances under which he claimed to have gotten the goods were such as to negative the presence of the very witness by whom he claimed to have been able to prove the facts mentioned in his motion to continue the case. Of course, developments transpiring upon a trial may make it plain that any apparent error in overruling the motion for continuance was in reality harmless.

3. Exception is taken to the fact that the court allowed the Southern Railway Company's station agent to testify that the warehouse which was broken was the property of the Southern Railway Company, and that he was in possession of it for them. The ground of objection is that, the warehouse being realty, title could be shown only by producing the deed or other writing. The point is manifestly not well taken. Ownership for most purposes, and especially for purposes of prosecutions for burglary and larceny, may be shown by proof of possession; the proof of possession in an agent is evidence of ownership of his principal.

4. It seems too plain for discussion to say that a carrier has such an interest in the goods in its possession for transportation as to support an allegation in the indictment that it was the owner of them.

5. One theory of the State, supported by some of the evidence, was that the defendant did not commit the burglary unaided. The State offered testimony to show that the other persons who were supposed to have aided him were found in possession of a portion of the stolen property. Defendant's counsel objected to this testimony upon the ground of irrelevancy. And in overruling the objection the court remarked: "It would be admissible for the purpose of showing a conspiracy." Exception is taken to this remark on the ground that it amounted to an expression of opinion on the part of the court, in violation of §1032 of the Penal Code (Civil Code, §4334). It has been repeatedly held that such statements

as this are, so far as they are pertinent to the proposition involved in the ruling, not violative. of the section of the code just referred to.   See *Croom* v. *State,* 90 *Ga.* 430 (17 S. E. 1003) ; *Reinhart* v. *Miller,* 22 *Ga.* 403 (68 Am. D. 506) ; *Mallory* v. *State,* 62 *Ga.* 164; *Tift* v. *Jones,* 77 *Ga.* 181 (3 S. E. 399) ; *Brown* v. *State,* 119 *Ga.* 572 (46 S. E. 833) ; *Oliveros* v. *State,* 120 *Ga.* 237 (47 S. E. 627) ; *Battise* v. *State,* 124 *Ga.* 866, 872 (53 S. E. 678) ; *Perry* v. *Butt,* 14 *Ga.* 699 (2) ; *Realty Co.* v. *Ellis,* 4 *Ga. App.* 402 (61 S. E. 832) ; *Crawford* v. *State,* 4 *Ga. App.* 789 (62 S. E. 501).

6.   Inside the railway warehouse there was a room cut off by walls and a door, and occupied by the Southern Express Company. It was shown that the burglar broke through this door and took certain things out of the express office.   These articles were found in the possession of the defendant and his alleged confederates.   Defendant's counsel objected to the proving of these facts, on the ground that they related to a separate transaction.   The testimony had a distinct relevancy to the issue on trial, and was not within the general rule which forbids inquiry into other crimes, disconnected with the transaction under investigation.   See *Ray* v. *State,* 4 *Ga. App.* 67 (60 S. E. 816).

7.   Error is assigned upon the following charge of the court: "If the defendant fled away, that would be a circumstance of guilt that this jury may take into consideration along with other facts and testimony as brought out upon the trial of this case, in order to illustrate the question as to whether or not he is guilty or not guilty."   Dislocated from its connection, this might seem to be an erroneous charge, and might appear to be subject to the criticism upon it, that it expresses an opinion upon the weight of the evidence.   The whole context on this subject is as follows:   "In looking to the circumstances as developed upon the trial in this case, I charge you that you may look to the evidence and see whether or not there is evidence of flight upon the part of the defendant, that would be a circumstance.   If the defendant fled away, that would be a circumstance of guilt that this jury may take into consideration along with other facts and testimony as brought out upon the trial of this case, in order to illustrate the question as to whether or not he is guilty or not guilty.   If the defendant fled away—left here, and you find, from the evidence, that he left here as a result of conscious guilt, then you would be authorized to con-

sider that and take it into consideration along with other testimony. If he fled away, and that fleeing away has been explained satisfactorily to you, and you find that there was some other reason than a consciousness of guilt that took him away from here, then, if that is satisfactory to you, that would not be considered by you as a circumstance in order to determine the question of whether he is guilty or not guilty." The instruction as a whole, while not verbally accurate, is substantially a correct statement of the law. A similar charge was approved in *Hudson* v. *State,* 101 *Ga.* 520 (28 S. E. 1010). The statement of the judge that flight "is a circumstance of guilt," manifestly meant that it was a circumstance which the jury might take into consideration in determining his guilt. The proposition is very similar to the one which would be presented if a judge should charge that certain acts were considered to be badges of fraud. In all such cases it is permissible to use general language of the nature indicated, provided that the jury is given full and fair instruction as to how far such circumstance, inference, or badge is to be considered in determining the issue.

8. There were several minor exceptions in the record, but they may be disposed of by the general statement that none of them show reversible error. There is little or no doubt as to the defendant's guilt. It is in no sense à close case, and the judgment would not be reversed for small errors which in all human probability would not likely have affected the jury.

*Judgment affirmed.*