### 3948.  MARTIN *v*. THE STATE.

1. Where there are good and bad counts in an indictment, the court may strike the bad counts without quashing the whole indictment.

2. Where one on trial for larceny is shown to have recently been in possession of the property described in the indictment, and it further appears that the same had been stolen, it is permissible for the State to prove that at the place where, and the time when, the stolen goods were found, there were found numerous other articles of the same kind which had likewise been stolen. RUSSELL, J., dissents.

3. The requests to charge, so far as legal and pertinent, were fully covered by the general charge, which fairly presented the issues involved. The evidence fully supports the verdict, and there is no error in the record.

DECIDED MARCH 19, 1912.

Conviction of larceny; from city court of Floyd county—Judge Reece. December 21, 1911.

*Eubanks & Mebane,* for plaintiff in error.

*John W. Bale, solicitor-general, Moses Wright, A. W. Shanklin,* contra.

POTTLE, J. The accused was arraigned under an indictment containing two counts, one charging the larceny of certain described buggy and wagon harness, and the other alleging that he had received the harness, knowing it to have been stolen. The accused demurred, upon the ground that the indictment charged two separate and distinct offenses and failed to allege either that the accused had received the property in the county in which the indictment was found, or that he had carried the harness into that county after receiving it elsewhere. The court sustained the demurrer to the count for receiving stolen property, and ruled the accused to trial on the count charging the larceny. After conviction he filed a motion for a new trial, which was overruled, and he excepted, assigning error upon this judgment and upon the court's refusal to quash the whole indictment.

1. The point is made that a defective count renders the whole indictment bad, and that the demurrer should have been sustained generally. The joinder of the two counts was not cause for quashing the indictment. *Johnson* v. *State,* 61 *Ga.* 213. In the English case of Rex *v.* Pewtress, 2 Stra. 1026, an indictment charged one assault, in twenty-one counts, and Lord Hardwicke declined to quash a part of them without quashing the whole indictment. Mr. Bishop, in his New Criminal Procedure (vol. 1, § 764), points out that many of the English cases, giving too wide a scope to this decision, hold that the court can not quash a defective count and leave a good one to stand, but the whole must be quashed or none, but that the later English doctrine permits the striking out of any number of counts less than all. In this country the decisions are in conflict. See cases cited by Bishop. In *Sutton* v. *State,* 122 *Ga.* 158 (50 S. E. 60), it was held that when an indictment contains two counts, one bad and the other good, a general demurrer to the whole indictment will not be sustained. It is familiar practice in this State for the court to require the prosecuting attorney to elect upon which count he will proceed. Often the accused has the right to compel an election, the practical effect of which is the entering of a nolle prosequi as to all the counts save the one relied upon for a conviction. Each count contains a separate and distinct

charge. It is an indictment within an indictment, and we know of no reason why, when there are two counts, one good and one bad, the bad count can not be quashed and the good one left.

2. The indictment charged the larceny of certain harness, the property of one Davis. The accused was found in possession of twenty-two sets of harness, including those described in the indictment. The State showed the larceny of the harness belonging to Davis, and relied for a conviction upon the inference of guilt arising from recent possession by the accused of the stolen property. Complaint is made that the court allowed proof of the theft of several sets of the harness found in the possession of the accused along with the Davis harness. The point made is that the evidence in reference to the other property was not admissible, because it appeared that in each instance the theft did not occur at the place where or the time when the larceny charged in the indictment took place. Ordinarily, evidence of other criminal transactions is not admissible. Some of the exceptions are when it shows "a system of mutually dependent crimes," or is "evidence of guilty knowledge," or bears upon the question of identity of the accused, "or articles connected with the offense," or where the evidence of other transactions tends to "prove malice, intent, motive, or the like." *Cawthon* v. *State,* 119 *Ga.* 395, 409 (46 S. E. 897, 901). If the evidence of other transactions tends "to illustrate the transaction in issue, or to establish some necessary ingredient of the particular offense under investigation," it is admissible. *Ray* v. *State,* 4 *Ga. App.* 67, 70 (60 S. E. 816). See also *Robinson* v. *State,* 6 *Ga. App.* 696, 711 (65 S. E. 792) ; *Hall* v. *State,* 7 *Ga. App.* 115, 120 (66 S. E. 390) ; *Lee* v. *State,* 8 *Ga. App.* 413; *Farmer* v. *State,* 100 *Ga.* 41 (28 S. E. 26). The fact that the accused was found at the same time and place in possession of other property of the same kind which had been stolen tended very strongly to show guilty possession of the property described in the indictment. Most of the harness found in the possession of the accused was obtained from irresponsible persons, and was shown to have been stolen. It is not reasonable that the accused could, without guilty knowledge, be in possession of so much stolen property, acquired from such a source. He was tried as the principal, and the State relied solely on recent possession unexplained. The important question was: Did the accused satisfactorily explain his possession of the Davis

harness, and thus rebut the inference of guilt arising from possession? On this question the evidence in reference to the possession of other stolen property of a similar nature shed a world of light. The State might well say to the accused: "You say you were a bona fide purchaser of the Davis harness, without knowledge that it was stolen, how comes it, then, that in the same place and at the same time you were found with twenty-two other sets of harness, many of which were also stolen, somewhere about the same time those belonging to Davis were taken?" The evidence not only illustrates, but illuminates the transaction at issue. It makes almost conclusive the inference that the accused either stole the Davis harness or received them knowing they were stolen. True, he was not on trial for receiving stolen goods, but since the State need show only recent possession of stolen goods, to make out a prima facie case of larceny, evidence in reference to the other property was just as much admissible in the one case as in the other. The court carefully confined the jury to the legitimate purpose for which the evidence might be used, and there was no error in the instructions on this subject. In *Hawkins's case,* 6 *Ga. App.* 109 (64 S. E. 289), the accused was not shown to have been in possession of other stolen property, nor was he connected in any way with the other articles which the prosecutor claimed to have lost.

3. The evidence fully supports the verdict. The requests to charge, so far as legal and pertinent, were covered by the general charge, which fairly presented the issues involved. The complaint in reference to the charge on the subject of impeachment is too general and indefinite to raise any question for decision. There was no error.        *Judgment affirmed. Russell, J., dissents.*