### 4306. McCRORY *v.* THE STATE.

POTTLE, J. 1. An indictment for larceny after trust charged, that the accused was entrusted by T. J. Moss with $250, "for the purpose of a cash bond for Roy Y. Moss for the space of six months, said Roy Y. Moss to be employed as a collector and office man for the General Adjusting Company (a corporation)," said accused claiming to be manager of the corporation, and the said sum of money was entrusted to the accused and to be paid back to said T. J. Moss at the expiration of six months from February 17, 1910, but that at the expiration of six months said T. J. Moss made a demand on the accused, and the accused wrongfully and fraudulently converted the said sum to his own use after being so entrusted, and without the consent of and to the injury of T. J. Moss, and without paying him the market value thereof. *Held*, that the indictment set forth an offense under section 189 of the Penal Code (1910), the accused coming within the classification of "any other bailee," as used in that section. An intimation to the contrary in *Sanders v. State*, 86 *Ga.* 717 (12 S. E. 1058), was, in *Cody v. State*, 100 *Ga.* 105 (28 S. E. 106), expressly held to have been obiter; and it was in the latter case ruled that the words "any other bailee," as used in what is now section 189 of the Penal Code (1910), "include any bailee, whether he be of the class enumerated or not." See, also,

*Weaver* v. *Carter*, 101 *Ga.* 206, 213 (28 S. E. 869, 871); *Belt* v. *State*, 103 *Ga.* 12 (29 S. E. 451).

2. Such an indictment was not subject to demurrer upon the ground that it was too vague and indefinite, or that the terms and conditions of the bond given to the defendant were not set forth, or that the money was entrusted to the corporation, and not to the accused individually, or that there is no allegation of a written pledge or bond, and the law does not provide for a cash bond, or that it appears from the indictment that the transaction described was a loan of money to be returned at the expiration of six months, or that the indictment was misleading, duplicitous, and multifarious.

3. There was no error in admitting testimony that T. J. Moss gave his son a check for $250, to be delivered to the accused; nor was it error to admit evidence that when demand was made upon him for the money, the accused stated that he would repay it "as soon as he landed another;" such a statement being in the nature of an incriminating admission, to be considered along with the other evidence in the case.

4. The fact that the accused was entrusted with money and converted the money to his own use was sufficiently shown when it appeared that a check payable to T. J. Moss, and indorsed by him, was delivered by his son to the accused, and that the check was paid to the accused by the bank upon which it was drawn, and the proceeds converted to his own use and not repaid to the person who had entrusted it to him after demand and after the expiration of the six-months period during which it was entrusted.

5. It was competent to show that while the accused was in business and purporting to represent the corporation named in the indictment, he engaged in several similar transactions, and by a similar means procured money from other persons and converted it to his own use. *Farmer* v. *State*, 100 *Ga.* 41 (28 S. E. 26); *Martin* v. *State*, 10 *Ga. App.* 795 (74 S. E. 304); *Saffold* v. *State*, ante, 329 (3); *Mangham* v. *State*, ante, 428 (3), (75 S. E. 512).

6. It appearing, from the testimony for the State, that the amount of money named in the indictment was entrusted to the accused for the purpose and in the manner therein described, and that he wrongfully and fraudulently converted it to his own use and declined to repay it upon demand, it was not error for the court to charge that if the accused received the money in the manner and for the purpose described in the indictment, he would have had no right, without the consent of the person entrusting the money, to enter into a different contract with the son of the person so entrusting it, under the terms of which the accused would have had the right to retain the money, and that to have changed the contract in this way would not exonerate the accused, unless the father afterwards ratified it. Nor was it error to charge, in the same connection, that the mere failure of the father to protest against the change of contract would not be a ratification.

7. The newly discovered evidence was merely impeaching in its character and does not constitute sufficient cause for a new trial.

8. While the evidence was conflicting, the testimony offered by the State was sufficient to show a fraudulent scheme, through which the accused wrongfully and fraudulently obtained the money in the manner de-

scribed in the indictment, and converted it to his own use, and refused to repay it on demand. The evidence was therefore sufficient to authorize the conviction; and no sufficient reason appears for reversing the judgment of the trial judge overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED NOVEMBER 12, 1912.

Indictment for larceny after trust; from Fulton superior court—. Judge Roan. June 8, 1912.

*C. B. Rosser Jr., John W. Moore,* for plaintiff in error.
*Hugh M. Dorsey, solicitor-general, E. A. Stephens,* contra.