## 8368. GRACE *v.* THE STATE.

Where the State relies on circumstantial evidence for the conviction of one charged with gaming, it is error for the court to allow, over proper objection, evidence of a prior conviction of the defendant of the offense of keeping a gaming-house.

　　　　DECIDED MARCH 23, 1917. REHEARING DENIED APRIL 21, 1917.

Accusation of gaming; from city court of Macon—Judge Guerry. December 30, 1916.

*Jesse Harris, John R. Cooper,* for plaintiff in error.

*Will Gunn, solicitor,* contra.

LUKE, J. The plaintiff in error was charged with the offense of gaming, and the State relied on circumstantial evidence for the

conviction of the accused. Over objection, properly and timely made, the court permitted the State to introduce in evidence the record of the defendant's conviction of keeping a gaming-house some time before. This evidence is too highly prejudicial to be admissible for the purpose of rebutting the following part of the defendant's statement to the jury: "I have not played any cards for money within the last six or seven years. I used to play cards, and let me say I have always pleaded guilty and paid my fine like a man. I have never fought a case before on gambling indictment. I came up and pleaded guilty." *Bashinski*. v. *State*, 123 *Ga.* 508 (4), 511 (51 S. E. 499).

The assignments of error other than that dealt with above are without merit. For the reason given, the court erred in overruling the motion for a new trial.

*Judgment reversed. Wade, C. J., and George, J., concur.*