### 17727. GREEN v. THE STATE.

LUKE, J. 1. "The general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, *even though it be a crime of the same sort*, is irrelevant and inadmissible." (Italics ours.) *Booth* v. *State*, 160 *Ga.* 271, 275-6 (127 S. E. 333). While there are a few exceptions to this general rule, as stated in the above-cited case, "these exceptions ought to be carefully limited and guarded by the courts," and, under all the facts of this case, the evidence of similar crimes, which was admitted over the objection of the defendant, did not come within the exceptions to the general rule.

2. The defendant was charged with illegally possessing "one quart of corn whisky in a bottle, at 366 Decatur street, in the City of Atlanta." The evidence legally admitted in support of this charge was wholly circumstantial, and did not exclude every reasonable hypothesis save that of the guilt of the accused. See *Kennedy* v. *State*, 23 *Ga. App.* 141 (97 S. E. 894).

3. The judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JANUARY 11, 1927.

Certiorari; from Fulton superior court—Judge Howard. September 22, 1926.

On or about October 20, 1925, the time alleged in the accusation, police officers Brooks and McCrary and deputy sheriff Schillings went to the store of Green, the defendant, at 366 Decatur street in the city of Atlanta, in search of whisky, but did not see the defendant with whisky and did not find any in the store. Brooks testified that when he entered the front door the defendant was coming through the middle door and turned toward a stove which had fire in it, and he could not see what the defendant did, but something exploded in the stove and it smelt like corn whisky. McCrary testified that after the explosion he found in the stove the neck of a half-pint bottle with a cork in it, and smelt the odor of whisky. Schillings testified that he found a pint and a half of whisky in a quart bottle in a locked toilet in the rear of the defendant's place of business; that there were two other toilets side by side with this one and nearer to the defendant's place of business; the witness did not know which one was the defendant's, but the defendant said that the middle one was his, and no whisky

Criminal Law, 16 C. J. p. 586, n. 98; p. 588, n. 5, 6; p. 764, n. 54.
Intoxicating Liquors, 33 C. J. p. 762, n. 55.

was found in that one; the lock of the one in which the whisky was found was knocked off by the witness, and he fitted to it a key obtained from the defendant, and which fitted the middle toilet also; the witness did not know whether the toilet in which he found the whisky was a part of the defendant's premises; his store was in a building occupied by other persons. A witness testified that he lived in the basement of the building, that the second toilet was the defendant's, and that the third (in which the liquor was found) was used by people in a restaurant in the same building. The defendant denied that he threw whisky in the stove, and denied that the whisky found in the toilet was his.

Over objection of the defendant, McCrary was permitted to testify that on September 28, 1925, whisky was found in a gutter, under some paper, outside the building mentioned above, and that on different occasions whisky was found around there in garbage cans; also that on August 25, 1925, liquor was found stored· at the defendant's residence, No. 49 Biggers street. It was stated that accusation as to the storing of the liquor at the place last mentioned had been disposed of "by way of a plea."

*C. G. Battle,* for plaintiff in error.

*Roy Dorsey,* solicitor, *John A. Boykin,* solicitor-general, *J. W. LeCraw,* contra.