## BROOKINS *v.* THE STATE.

HILL, J. 1. The general rule is that "evidence of the commission of one crime is not admissible upon a trial for another, where the sole purpose is to show that the defendant has been guilty of other crimes, and would therefore be more liable to commit the offense charged." But

there are exceptions to this rule; one being that "if the evidence is material and relevant to the issue on trial, it is not inadmissible because it may also tend to establish the defendant's guilt of a crime other than the one charged." *Frank* v. *State*, 141 *Ga.* 243 (2 *b*) (80 S. E. 1016). On the trial of one indicted for the homicide of his wife, evidence tending to show a previous difficulty between the accused and his wife, about a year prior to the homicide, was admissible as tending to show the existence of a bad state of feeling between them, and as tending to show malice, intent, or motive on the part of the accused in killing his wife. *Starke* v. *State*, 81 *Ga.* 593 (2) (7 S. E. 807); *Jeffords* v. *State*, 162 *Ga.* 573 (134 S. E. 169).

2. The language of the court as set out in ground 2 of the motion for new trial, to which exception is taken, can not, in the light of the note of the trial judge, be construed as an expression of opinion on the part of the court as to what had or had not been proved, and can not be held to be harmful to the accused.

3. The verdict was authorized by the evidence, and the court did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*

No. 6639. November 15, 1928.

*A. J. Perryman* and *H. B. Pease,* for plaintiff in error.

*George M. Napier, attorney-general, W. R. Flournoy, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.