20398. CAMP *v.* THE STATE.

DECIDED MAY 14, 1930.

*Walter Matthews,* for plaintiff in error.

*S. W. Ragsdale, solicitor-general,* contra.

PER CURIAM. J. M. O. Camp was convicted of manufacturing intoxicating liquors and of possessing apparatus for manufacturing intoxicating liquors. He excepts to the overruling of his motion for a new trial. There was evidence that a still furnace, a still worm, a flakestand, a still cap, and three or four barrels of spent beer or slop which was non-intoxicating, were found, on January 5, 1929, in a hog-lot and hog-pen on the premises occupied by the accused; and that this "spent beer or slop" was sometimes fed to hogs. There was also evidence that the defendant had been working away from the premises until January 4, 1929, coming home only on Saturdays and on Christmas Eve day; that the defendant's son, who had lived on the place, owned the hogs, and that the defendant's son had recently left the State; that the officers "found indications of where liquor had been made there just a short time, I don't know exactly how long, . . looked like there had been several coals there."

■ The 1st special ground of the motion for a new trial assigns error on the exclusion of certain evidence as to the possession of the hogs, and upon the following statement of the court in the presence of the jury: "The possession [of the hogs] would be that of the father if he (meaning the son) was not a married man. I don't think it would be admissible what the boy said about it. If he had them in possession at his home or something like that." The evidence did not show definitely whether the boy had reached his majority. If the trial judge erred in excluding the evidence as to possession of the hogs, the error was harmless, for other witnesses testified that the hogs belonged to defendant's son. As to the judge's statement in the presence of the jury, made during the colloquy between the court and counsel a motion for a mistrial should have been made.

■ The 2d special ground of the motion complains of the admission of the minutes of court showing a former conviction of the defendant. Conceding that this was error, substantially the same evidence was given in the testimony of the witness Cheatwood, without objection, and, therefore, this ground furnishes no cause for a new trial.

■ The evidence amply authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

LUKE, J., dissenting. The 2d special ground of the motion for a new trial alleges error because the court admitted, over objection, "Minutes of Haralson superior court, January term, 1928, showing a verdict of guilty of attempting to manufacture liquor, with a sentence recorded against the defendant, M. O. Camp." I think the admission of this evidence was harmful error, and was rendered more harmful since there was an issue of fact as to whether the beer slop and apparatus belonged to the defendant or to his son; there being evidence to show that the slop and apparatus were found in the hog-pen and hog-lot, that beer slop was sometimes fed to hogs, that the hogs were owned by the defendant's son, and that the son had recently left the State. The evidence does not show definitely whether the son was of age, but does show that he was in the neighborhood of twenty-one and had been trading in hogs. The defendant had not placed his character in issue. This evidence was incompetent and inadmissible, because it tended to place the defendant's character in issue, showed a different and independent crime, and tended to prejudice the jury against the accused. I am aware that "Where knowledge, motive, intent, good or bad faith, and other matters dependent upon a person's state of mind, are involved as a material element in a particular offense for which a defendant is on trial, and the defendant has engaged in a course of conduct or done other acts *at or about the same time* the act in question was committed, and these other transactions are such as to illustrate the state of the defendant's mind on the subject involved, proof of them may be received." (Italics mine.) *Lee* v. *State*, 8 *Ga. App.* 413 (3) (69 S. E. 310). However, these instances are exceptions to the general rule stated in the second headnote to the *Lee* case; and there is a line of demarcation between the admissible and the inadmissible. It is a matter of common knowledge, based on human experience, that where proof of other crimes is admitted, the jury is apt to become so prejudiced against the defendant because of these other crimes that they can not fairly weigh the evidence submitted on the charge for which he is being tried, and they are likely to convict him on so-called "general principles," instead of determining his guilt or innocence

462

of the immediate charge, even though he has already paid the penalty for the other crimes. The issue here involved strikes at the root of our system of jurisprudence. Fair trials according to the rules of law are as essential to the welfare of society as the conviction of criminals, and dangerous precedents are likely to result in injustice in future trials, thereby creating a disrespect for law. "'The general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, *even though it be a crime of the same sort*, is irrelevant and inadmissible.' *Booth* v. *State*, 160 *Ga.* 271, 275-6 (127 S. E. 333). While there are a few exceptions to this general rule, as stated in the above-cited case, 'these exceptions ought to be carefully limited and guarded by the courts.'" *Green* v. *State*, 36 *Ga. App.* 281 (136 S. E. 323); *Grace* v. *State*, 19 *Ga. App.* 606 (92 S. E. 231); *Bashinski* v. *State*, 123 *Ga.* 509 (4), 511 (51 S. E. 499). I have carefully examined the record in the instant case, and, in my opinion, the evidence of the independent crime, committed at least a year before the one under consideration and having no connection with it, which evidence was admitted over the objection of the defendant, did not come within the exception to the general rule, and for this reason the court erred in overruling the motion for a new trial.