Townsend, J.,
dissenting. A remark by the trial court which supplies as evidence a fact not in the record is, if prejudicial, cause for a new trial. Phillips v. State, 18 Ga. App. 109 (2) (88 S. E. 905). In this case it is the opinion of the writer that the remark by the trial court, that “it is not customary to prosecute the man on that offense if the court uses it for revocation of the suspended sentence,” constitutes such a remark. It was material, in that it entirely nullified the attack on the credibility of the witness, which was attempted by showing on cross-examination that he had not been prosecuted for the new offense. Such testimony might have been offered by the State, and what was customary in this respect is a question of fact *623 and not one of law. The remark was prejudicial and in the opinion of the writer demands reversal.
Error is also assigned on the admission in evidence of an accusation charging the defendant with the offense of lottery on October 15, 1942, eight years previously, together with her plea of not guilty and conviction by the jury dated January 26, 1943.
It is axiomatic that the general character of the defendant and his character in other transactions is irrelevant unless the defendant chooses to put his character in issue. Code, §§ 38-201, 38-202; Green v. State, 172 Ga. 635 (158 S. E. 285); Hunter v. State, 188 Ga. 215 (3 S. E. 2d, 729); Ward v. State, 14 Ga. App. 110 (80 S. E. 295); Davis v. State, 60 Ga. App. 772 (5 S. E. 2d, 89). It is equally axiomatic that, where such evidence is erroneously admitted, it is prejudicial to the defendant and demands the grant of a new trial. Bryant v. State, 65 Ga. App. 523 (16 S. E. 2d, 241); Robinson v. State, 62 Ga. App. 355 (7 S. E. 2d, 758). “The general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible.” Williams v. State, 152 Ga. 498 (110 S. E. 286); Cawthon v. State, 119 Ga. 395 (4) (46 S. E. 897); Frank v. State, 141 Ga. 243 (80 S. E. 1016); Bates v. State, 18 Ga. App. 718 (90 S. E. 481).
This rule has various exceptions. Such evidence is admissible where the defendant himself has put his character in issue. Spear v. State, 51 Ga. App. 29 (179 S. E. 417). It is admissible where the other criminal transaction is part of the res gestae. Hill v. State, 161 Ga. 188 (129 S. E. 647); Swain v. State, 162 Ga. 777 (135 S. E. 187); Bradberry v. State, 170 Ga. 859 (154 S. E. 344); Randall v. State, 176 Ga. 897 (169 S. E. 103); Reed v. State, 197 Ga. 418 (6) (29 S. E. 2d, 505); Hill v. State, 201 Ga. 300 (39 S. E. 2d, 675); Hall v. State, 1 Ga. App. 115 (6) (66 S. E. 390). Previous attempts to commit the same crime may be shown. Wright v. State, 184 Ga. 62 (190 S. E. 663). It is admissible to rebut testimony of witnesses put up by the defendant, or to show that such witnesses’ testimony was the result of bias, duress, or the like, and also to rebut statements *624 made by the defendant. Carrigan v. State, 206 Ga. 707 (5) (58 S. E. 2d, 407); Kimbrough v. State, 9 Ga. App. 301 (70 S. E. 1127) ; Demons v. State, 17 Ga. App. 480 (1) (87 S. E. 690); Thrasher v. State, 68 Ga. App. 820 (3) (24 S. E. 2d, 222). Under certain circumstances evidence of collateral offenses may be used to show the mental processes of the accused. See Wharton, Criminal Evidence, Vol. VI, § 345. Where intent is the gist of the offense, similar offenses perpetrated by the defendant may be relevant to show intent. Farmer v. State, 100 Ga. 41 (28 S. E. 26); Jeffords v. State, 162 Ga. 573 (134 S. E. 169); Brookins v. State, 167 Ga. 325 (1) (145 S. E. 449); Taylor v. State, 174 Ga. 52 (162 S. E. 504); Castleberry v. State, 178 Ga. 663 (173 S. E. 833); Simmons v. State, 196 Ga. 395 (26 S. E. 2d, 785); Shafer v. State, 191 Ga. 722 (13 S. E. 2d, 798); Honea v. State, 181 Ga. 40 (1) (181 S. E. 416); Biegun v. State, 206 Ga. 618 (1) (58 S. E. 2d, 149); McCrory v. State, 11 Ga. App. 787 (5) (76 S. E. 163); Martin v. State, 10 Ga. App. 795 (2) (74 S. E. 304); Wyatt v. State, 16 Ga. App. 817 (3) (81 S. E. 802); McDuffie v. State, 17 Ga. App. 342 (5) (86 S. E. 821); Goldberg v. State, 20 Ga. App. 162 (2) (92 S. E. 957); Green v. State, 35 Ga. App. 500 (133 S. E. 877); Terry v. State, 36 Ga. App. 305 (136 S. E. 476); Cook v. State, 33 Ga. App. 571 (127 S. E. 156); Fitzgerald v. State, 51 Ga. App. 636 (1) (181 S. E. 186). Similarly, it may show guilty knowledge, or lack of accident or mistake, as where the act itself is capable of more than one construction and so might be consistent with either guilt or innocence. Cooper v. State, 182 Ga. 42 (3) (184 S. E. 716, 104 A. L. R. 1309); Simmons v. State, supra; McCrory v. State, 11 Ga. App. 787 (5) (76 S. E. 163); Martin v. State, supra; Bates v. State, supra; Terry v. State, supra; Williams v. State, 62 Ga. App. 679 (2) (9 S. E. 2d, 697). Evidence of similar offenses may be used to prove motive. Jones v. State, 63 Ga. 395 (3); Farmer v. State, supra; Shaw v. State, 102 Ga. 660 (7) (29 S. E. 477); Sullivan v. State, 121 Ga. 183 (1) (48 S. E. 949); Williams v. State, 152 Ga. 498 (1) (110 S. E. 286); Manning v. State, 153 Ga. 184 (3) (111 S. E. 658); Gore v. State, 162 Ga. 267 (134 S. E. 36); Jeffords v. State, 162 Ga. 573 (134 S. E. 169); Brookins v. State, 167 Ga. 325 (1) (145 S. E. 449); Sligh v. State, 171 Ga. 92 (8) (154 S. E. 799); Suber v. State, 176 Ga. 525 (168 S. E. 585); *625 Castleberry v. State, supra; Wheeler v. State, 179 Ga. 287 (1) (175 S. E. 540); Wright v. State, supra; Black v. State, 187 Ga. 136 (4) (199 S. E. 810); Hunter v. State, 188 Ga. 215 (2) (3 S. E. 2d, 729); Loughridge v. State, 201 Ga. 513 (3) (40 S. E. 2d, 544); Gossett v. State, 203 Ga. 692 (3b) (48 S. E. 2d, 71); Carrigan v. State, 206 Ga. 707 (5) (58 S. E. 2d, 407). Such offenses may prove identity, as where proof that the same plan, scheme or device previously employed by the defendant is also employed on the occasion in question. Hill v. State, supra; Merritt v. State, 168 Ga. 753 (1) (149 S. E. 46); Green v. State, 172 Ga. 635 (3) (158 S. E. 285); Haden v. State, 176 Ga. 304 (7) (168 S. E. 272); Gibson v. State, 178 Ga. 707 (174 S. E. 354); Burden v. State, 182 Ga. 533 (186 S. E. 555); Sisk v. State, 182 Ga. 448 (1) (185 S. E. 777); Barkley v. State, 190 Ga. 641 (10 S. E. 2d, 32); Fuller v. State, 197 Ga. 714 (1) (30 S. E. 2d, 608); Fuller v. State, 196 Ga. 237 (1) (26 S. E. 2d, 281); Hill v. State, 201 Ga. 300 (39 S. E. 2d, 675); Biegun v. State, supra. The testimony is also admissible to show a course of conduct pointing toward and leading to the crime, as where there exists in the mind of the actor some connection linking the acts together for a purpose which he intends to accomplish, a method, scheme, or system employed by the defendant, or where the separate acts are acts of co-conspirators, the conspiracy having been proved, or where the previous criminal act shows a state of mind influencing a course of conduct, such as premeditation or malice. Taylor v. State, 110 Ga. 150 (4) (35 S. E. 161); Sullivan v. State, 121 Ga. 183 (1) (48 S. E. 949); Burgess v. State, 93 Ga. 304 (4) (20 S. E. 331); Frank v. State, 141 Ga. 243 (2) (80 S. E. 1016); Williams v. State, supra, Manning v. State, supra; Fairfield v. State, supra; Saunders v. State, 172 Ga. 770 (158 S. E. 791); Sligh v. State, supra; Wilson v. State, 173 Ga. 275 (2) (160 S. E. 319); Taylor v. State, supra; Morris v. State, 177 Ga. 106 (169 S. E. 495); Tucker v. State, 180 Ga. 87 (178 S. E. 152); Loughridge v. State, 181 Ga. 261 (182 S. E. 12); Cooper v. State, supra; Sisk v. State, supra; Goodman v. State, 184 Ga. 315 (1) (191 S. E. 117); Hunter v. State, supra; Barkley v. State, supra; Shafer v. State, supra; Honea v. State, supra; Emmett v. State, 195 Ga. 517 (3) (25 S. E. 2d, 9); Fuller v. State, supra; Allen v. State, 201 Ga. 391 *626 (40 S. E. 2d, 144); Gossett v. State, supra; Dorsey v. State, 204 Ga. 345 (2) (49 S. E. 2d, 886); Bates v. State, supra; Griffin v. State, 18 Ga. App. 462 (1) (89 S. E. 537); Goldberg v. State, supra; Green v. State, supra; Nelson v. State, 51 Ga. App. 207 (1) (180 S. E. 16); Scoggins v. State, 62 Ga. App. 489 (8 S. E. 2d, 709); Hall v. State, 64 Ga. App. 644 (2) (13 S. E. 2d, 868). The relationship should be such that proof of one offense tends to establish the other. Cole v. State, 120 Ga. 485 (1) (48 S. E. 156); Ray v. State, 4 Ga. App. 67 (3) (60 S. E. 816); Thompson v. State, 4 Ga. App. 649 (4) (62 S. E. 99). If the collateral offense is too remote in point of time, it is thereby rendered inadmissible. Daniel v. State, 103 Ga. 202 (3) (29 S. E. 767); Clarke v. State, 5 Ga. App. 93 (2) (62 S. E. 663); Palmer v. State, 75 Ga. App. 789 (44 S. E. 2d, 567).
Admission into evidence of collateral offenses which do not fall within one or more of the foregoing exceptions to the general rule is error requiring reversal. Whilden v. State, 25 Ga. 396 (71 Am. D. 181); Cawthon v. State, supra; Alsobrook v. State, 126 Ga. 100 (3) (54 S. E. 805); Gay v. State, 115 Ga. 204 (41 S. E. 685); Bashinski v. State, 123 Ga. 508 (4) (51 S. E. 499); Daniel v. State, supra; Fountain v. State, 149 Ga. 519 (5) (101 S. E. 294); Booth v. State, 160 Ga. 271 (127 S. E. 733); Cox v. State, 165 Ga. 145 (1) (139 S. E. 861); Lanier v. State, 187 Ga. 534 (1 S. E. 2d, 405); Anderson v. State, 206 Ga. 527 (57 S. E. 2d, 563); Holmes v. State, 12 Ga. App. 359 (2) (77 S. E. 187); Shealey v. State, 16 Ga. App. 191 (84 S. E. 839); Clarke v. State, supra; Cooper v. State, 13 Ga. App. 697 (2) (79 S. E. 908); Livingston v. State, 17 Ga. App. 136 (2) (86 S. E. 449); Grace v. State, 19 Ga. App. 606 (92 S. E. 231); Williams v. State, 51 Ga. App. 319 (180 S. E. 369); Robinson v. State, 62 Ga. App. 355 (7 S. E. 2d, 758); Palmer v. State, supra.
It is contended that the record of the previous conviction for a crime of the same sort as that for which the defendant was on trial was admissible as revealing the plan, scheme, or system which the defendant was using in playing the lottery game here charged in the indictment. The certified copy of the prior accusation introduced in evidence was unaccompanied by other testimony and shows merely that the defendant was charged with the offense of maintaining a lottery known as the number game *627 and convicted thereof. Therefore, it cannot show plan, scheme, or system unless the fact that one has been previously convicted of a certain type of crime may be considered as evidence that one is more likely to commit that type of crime again—in other words, to show criminal “bent of mind.” But this is the precise reason for excluding such testimony. Lee v. State, 8 Ga. App. 413 (1) (69 S. E. 310); Booth v. State, 160 Ga. 271, 280 (127 5. E. 733). On an indictment for renting a room for gaming, admission in evidence of a prior conviction of a similar offense is reversible error, “as giving the jury an opportunity to infer that the accused is a persistent violator of the law against gaming, and is in all likelihood guilty of the specific charge then brought against him.” Bashinski v. State, 123 Ga. 508 (4), supra. On the trial of an accusation of gaming, “it is error for the court to allow, over proper objection, evidence of a prior conviction of the defendant of the offense of keeping a gaming house.” Grace v. State, 19 Ga. App. 606, supra. On a trial for maintaining a gaming house, it was error to admit testimony as to the defendant’s reputation as a gambler. Peacock v. State, 38 Ga. App. 268 (143 S. E. 605). We therefore conclude that on a trial for maintaining a lottery it is error to admit over timely objection evidence that the defendant was on a prior occasion convicted of the same offense, particularly in view of the fact that the conviction failed to show any method, scheme, plan, or device of conducting the lottery, nor was any testimony linking the modus operandi on the two occasions introduced.
It will also be noted that the maj ority opinion points out that the evidence of an officer that the defendant committed acts constituting the offense of lottery on November 7, 1947, was admissible notwithstanding the fact that she had been acquitted of this offense. That such evidence is not inadmissible for the reason that there was a subsequent acquittal, is well settled. See Lee v. State, 8 Ga. App. 413, supra; Taylor v. State, 174 Ga. 52, 67 (162 S. E. 504). By these decisions it is therefore held that acquittal is not sufficient to establish innocence. The majority opinion, notwithstanding this rule of evidence, holds that an accusation filed on October 15, 1942, together with a plea of not guilty and a conviction based thereon on January 6, 1943, is admissible to establish guilt. Accordingly, it is *628 established by the majority opinion that, while a verdict of not guilty will not establish innocence, yet a verdict of guilty will establish guilt. This is held notwithstanding the decision of the Supreme Court of this State in Gay v. State, 115 Ga. 204 (41 S. E. 685), which held in substance that, where facts constituting a crime for which the defendant on trial had previously been convicted become material and are admissible in the case on trial, such facts cannot be established by the introduction in evidence of the conviction. In this connection the Supreme Court said: “The correctness of what is above laid down is too obvious and too well settled, both upon principle and authority, to require further discussion.” It is contrary to the writer’s conception of simple justice to establish one rule of evidence as being applicable to the defendant and the exact antithesis thereof as being applicable to the State, to the detriment of the defendant.
For the foregoing reason, together with the fact that the relationship between the crime of 1942 and the crime for which the defendant was on trial here is not such that proof of the one offense tends to establish the other, and because the collateral offense is too remote in point of time, it is the opinion of the writer that the admission of this evidence was such harmful error as to require a reversal.
I am authorized to say that Felton, J., concurs in this dissent.