## COLE v. THE STATE.

1. On the trial of one charged with illegally selling whisky it is not error to admit evidence to show that the house of the accused was searched by officers subsequently to the day on which the alleged sale was made, and that bottles of whisky were found therein.

2. Nor is it error, in such a case, to charge that the State, in making out its case, is not confined to the day named in the accusation, but may prove the commission of the offense at any time within two years prior to the date of the accusation; and that whether acquitted or convicted the accused can not again be tried for such an offense committed within the period of limitation governing the case on trial.

3. It is not error for the trial judge to call attention to and correct, in his charge to the jury, an erroneous statement of law announced by counsel in argument.

4. Where the accused has offered no evidence, and the only witnesses introduced are those for the State, it is not error of which he can complain that the trial judge charged on the subject of impeachment of witnesses when no attempt had been made to impeach any witness.

5. The verdict was fully supported by evidence.

Submitted June 20, — Decided July 12, 1904.

Accusation of selling liquor.  Before Judge Johnston.  **City court** of Waynesboro. · April 27, 1904.

*Brinson & Davis,* for plaintiff in error.

CANDLER, J.  The accused was convicted in the city court of Waynesboro under an accusation charging him with illegally selling whisky.  He made a motion for a new trial on numerous grounds; it was overruled, and he excepted.

1. It is complained that the court erred in·allowing a witness for the State to testify, over objection of counsel for the accused, that upon searching the house of the accused on a day subsequent to that on which the accusation charged that the sale was made, bottles of whisky were found, the objection being that this evidence could in no way illustrate the issue whether the accused had sold whisky on the day alleged.  This evidence was clearly admissible as a circumstance from which the jury might infer that the accused kept whisky in his house for sale, and therefore to strengthen the testimony given as to the sale charged in the accusation.

2. Error is also assigned on the charge of the court to the effect that in making out its case the State was not confined to the day

named in the accusation, but might prove the commission of the offense at any time within two years prior to the date of the accusation; and upon the further charge that, whether convicted or acquitted, .the accused could not be again tried for any offense committed within the period of limitation governing this indictment. It is only necessary to say that these principles are fundamental in the penal law; and that the complaint that they were injurious to the accused and had a tendency to mislead and bias the jury against him will not work the grant of a new trial.

3. The court charged the jury as follows: "Under the Mosaic dispensation I believe it is true, as my brother Davis informed the jury, that it required more than one witness to establish the guilt of a person. Moses was a great lawgiver, and no one respects that lawgiver more than your humble servant. He codified the laws; he enacted the laws for the government of Israel under the peculiar conditions in which they were placed in that day; but it is not the law of Georgia. Our lawmakers have believed, for reasons satisfactory to themselves, that such laws are not applicable nor suitable to our day and time; and therefore the laws of Georgia are laid down in our code as follows: 'The testimony of a single witness is generally sufficient to establish a fact.' Exceptions to this rule are made in specified cases, such as to convict of treason or perjury — this is not treason or perjury — and in any case of felony where the only witness is an accomplice — this is not a felony, nor is it contended that any witness is an accomplice. Even in these cases (except in treason) corroborating circumstances may dispense with another witness. Now, gentlemen, that is the law of Georgia; that is the law you are sworn to try criminal cases by, under the jurisprudence of Georgia." From the assignment of error on this charge it appears that in his argument to the jury the solicitor made reference to "the biblical injunction not to put the bottle to thy neighbor's lips;" that counsel for the accused, in his reply, argued "that if the Bible was the rule we were trying this case on, then the State would wholly fail, because the great lawgiver had said that in the mouth of two witnesses shall a fact be established." It is urged that the court, in the charge quoted, singled out the argument of counsel for the accused and in effect answered it and discredited it, to the detriment of the accused. It is also contended that the charge practically instructed the

jury that if one witness had testified against the accused he should be convicted, and that the reference to corroborating circumstances was erroneous, because, as contended, in this case there were no corroborating circumstances. Whatever may be said of the charge under consideration, it can not be denied that it states a proposition of law eminently sound in the abstract. It will be noted that it is not objected that the charge was argumentative, but merely that it singled out a portion of the argument of counsel for the accused and answered it. Under the circumstances we think this was permissible. Counsel on both sides of the case seem to have abandoned the law and relied on the prophets; and it was clearly the right of the court to remind the jury that the issue of the case was to be determined under the laws enacted by the Georgia legislature, and not by those handed down from Sinai. In the early case of *Matthews* v. *Poythress*, 4 *Ga.* 294, Nisbet, J., delivering the opinion, said: "If, in the argument, legal positions are taken by counsel, which in the judgment of the court are wrong, I see no sort of objection to the court's instructing the jury according to its judgment of those positions." The rather argumentative tone of the charge excepted to in the present case is to be deprecated; but as no objection was made to it on this ground, it will not work the grant of a new trial.

4. Exception is also taken to the charge of the court on the subject of impeachment of witnesses, the error assigned being that it was inapplicable, inasmuch as no attempt was made to impeach any of the witnesses introduced. The accused offered no evidence, but rested on his own statement. Granting, therefore, that the charge was not strictly applicable, the only effect that it could have had upon the rights of either the State or the accused was, to call in question the credit to be given to the State's witnesses; and of this the accused can not complain.

5. As before indicated, the accused offered no evidence. A witness for the State testified positively to the illegal sale with which the accused was charged; and there is no merit in the contention that the verdict was contrary to the evidence.

*Judgment affirmed. All the Justices concur.*