### 2310.  HOLMES *v.* THE STATE.

RUSSELL, J.  1. Both the venue and the fact that the offense charged was committed within the statute of limitations were proved directly and circumstantially.

2. Counsel has the right, in argument, to draw such inferences as he may see fit from the evidence adduced; and, provided these inferences are properly sustained by evidence, it is not necessary that they be logical. The judge did not err in refusing to declare a mistrial, nor in holding that the State's counsel had a right to discuss the results of the law, nor in merely saying, in response to objection by the defendant's counsel to the argument of the solicitor, that the solicitor should confine himself to the evidence.

3. In a prosecution for a misdemeanor, the charge being that the defendant violated the statute forbidding the sale or furnishing of cocaine, the State may prove as many separate sales as it can, provided such sale or furnishing occurred within two years before the filing of the accusation.

4. The evidence demanded the verdict of guilty, and minor errors would not authorize the grant of a new trial.        *Judgment affirmed.*

Misdemeanor; from city court of Richmond county—Judge Eve. November 9, 1909.

Argued January 12,—Decided April 6, 1910.

*Isaac S. Peebles Jr., John J. Foster, Louis Brooks,* for plaintiff in error.  *J. C. C. Black Jr., solicitor,* contra.