### 5864.  SHEALEY *v.* THE STATE.

Evidence tending to show the commission of the offense at a time subse-
quent to the date of the affidavit upon which the accusation was founded
is admissible, and upon proper objection should be excluded.
DECIDED APRIL 13, 1915.

Accusation of carrying pistol; from city court of Oglethorpe—
Judge Greer. June 11, 1914.

*Jere M. Moore,* for plaintiff in error.

*Jule Felton, solicitor,* contra.

RUSSELL, C. J. On November 26, 1913, D. D. Mitchell made
an affidavit charging the defendant, Shealey, with the offense of
carrying a pistol without a license on the 18th day of November,
1913. On the 29th of November Shealey was committed upon this
warrant. The defendant was tried in the city court of Oglethorpe
upon an accusation dated April 16, 1914; the jury found him
guilty, and exception is taken to the judgment refusing a new trial.
It is unnecessary to refer to the general grounds of the motion for
a new trial, for there was sufficient evidence to have warranted the
verdict if the evidence had been admissible. However, in another
ground of the motion for new trial complaint is made that the
court erred in admitting, over the defendant's objection, testimony

to the effect that the offense charged was committed on the 13th day of April, 1914; and we are of the opinion that the objections were well taken and that the testimony in question should have been repelled. Without this testimony the evidence was doubtless insufficient to authorize a conviction, but even if there was other testimony which would have authorized the conviction of the accused, a new trial should nevertheless have been granted, because it is not within the power of the court, in such a case, to know whether a verdict rests upon the legal or upon the illegal testimony. Aside from its merits upon other grounds, the defendant's objection to the testimony of the two witnesses named Brady, upon the ground that testimony tending to show his guilt at a time subsequent to the date of the affidavit upon which the accusation was based was inadmissible, was well taken. That such testimony is inadmissible is ruled in *Chambers* v. *State,* 85 *Ga.* 220 (11 S. E. 653), and in *Turner* v. *State,* 89 *Ga.* 424 (15 S. E. 488). It is well settled, of course, that the prosecution is not restricted in its proof to the precise date alleged in the indictment or other criminal accusation, but may prove the commission of the alleged offense at any time within the statute of limitations. But the rule prescribed in section 30 (4) of the Penal Code, as well as the decisions of this court in *Hollingsworth* v. *State,* 7 *Ga. App.* 18 (65 S. E. 1077), *Holmes* v. *State,* 7 *Ga. App.* 570 (67 S. E. 693), and *Johnson* v. *State,* 7 *Ga. App.* 50 (66 S. E. 148), holding that the State may introduce evidence of any violation of the statute under which the accused may be charged which occurred within two years prior to the date of the filing of the accusation, is subject to the qualification that the date of the offense must be prior also to the affidavit upon which the accusation is founded. The cases which are relied upon by counsel for the State merely reiterate the well-settled rule that the State is not restricted in its proof to the specific date designated in the indictment or other accusation, as the day upon which the offense was committed, and the point now presented was not raised in any of them. An accusation in a city court must be based upon an affidavit charging the offense, and the proof must conform to the affidavit as well as to the accusation. In other words, the accusation must follow the affidavit, and the proof must follow and conform to both. The State can prove that the crime was committed at any time prior to the time of the filing of the

accusation only when the time mentioned is also prior to the time of the making of the affidavit upon which the accusation depends. The dependence of the accusation upon the affidavit was not dealt with in any of the cases to which counsel for defendant in error refers, and there is, therefore, no conflict between what was ruled in those decisions and what is now ruled. In the *Chambers* case, as well as in *Turner's* case, supra, the judgment was reversed because it did not plainly appear whether the offense was committed prior to the date of the affidavit upon which the accusation was based or subsequently thereto. In the case at bar the evidence was objected to upon the ground that it was uncontradicted that the transaction which disclosed the guilt of the accused occurred subsequently to the making of the affidavit which was the basis of the accusation upon which he was being tried. If a verdict can not be supported when it is doubtful whether the offense was committed prior to the making of the affidavit upon which an accusation depends, a fortiori the conviction can not be supported where the only proof of the commission of the offense relates to a time subsequent to the making of the affidavit, and to matters to which, in the very nature of things, the original affidavit could not have referred. It is not conceivable that an affidavit made on the 26th day of November, 1913, could relate to the commission of an offense on the 13th day of April, 1914. The court erred in not sustaining the objections to the testimony, and in refusing to correct this error upon the motion for a new trial.

*Judgment reversed. Broyles, J., not presiding.*