## 8314. BIGGERS *v.* THE STATE.

1, 2. The court did not err in refusing to declare a mistrial on account of the statement made in the presence of the jury by the witness, or on account of the statement of counsel for the State, complained of as prejudicial to the accused.

3. The verdict finding the accused guilty of larceny from the house was supported by evidence.

DECIDED MARCH 23, 1917.

Accusation of larceny from house; from city court of Newnan— Judge Post. December 5, 1916.

*T. G. Farmer,* for plaintiff in error.

*W. L. Stallings, solicitor,* contra.

WADE, C. J. 1. In the motion for a new trial it is contended that the court erred in refusing to declare a mistrial on the ground that one of the State's witnesses "stated before the jury and in the hearing of the court and jury that while he did not know of his personal knowledge the defendant, George Biggers, stole the oats, yet information he had received upon investigation pointed to defendant as the leading party in the stealing of the oats, and that he was satisfied that George Biggers, the defendant, was one of the persons who had been stealing oats from him." If there had been any room for misapprehension on the part of the jury as to whether these remarks were made as deductions from the evi-

dence, the prompt action of the court in directing the jury not to consider them obviated any prejudicial effect that they might have had if not followed by such direction.

2. It is contended that the court erred in failing to declare a mistrial on account of the following language of counsel for the State: "Now, gentlemen of the jury, Mr. Arnall (indicating) does not know how much Biggers may have stolen from him during the time he lived on his farm." This exception is wholly without merit, since the trial judge, when his attention was called to this statement, promptly admonished counsel to stay within the evidence; and thereupon counsel stated to the court in the presence of the jury that he "was simply drawing deductions and conclusions from the evidence in the case, and not stating as a fact that Biggers had been stealing from Arnall." In view of the circumstances in proof and this statement by the prosecuting attorney, the remarks excepted to must be construed to mean that the testimony led counsel to the conclusion expressed. See *Broznack* v. *State,* 109 *Ga.* 514 (35 S. E. 123); *Smalls* v. *State,* 105 *Ga.* 669 (31 S. E. 571); *Holmes* v. *State,* 7 *Ga. App.* 570 (67 S. E. 693). "A statement by the prosecuting attorney in his argument, expressive of his opinion of the defendant's guilt . . . . should be construed to mean that the testimony led him to this conclusion. . . What the law condemns is the injection into the argument of extrinsic and prejudicial matters which have no basis in the evidence." *Floyd* v. *State,* 143 *Ga.* 286, 289 (84 S. E. 971). See also *Sutton* v. *State,* 18 *Ga. App.* 162, 166, 167 (88 S. E. 1005); *Owens* v. *State,* 120 *Ga.* 209 (3), 210 (47 S. E. 545).

3. There was evidence to support the finding of the jury, and the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. George and Luke, JJ., concur.*