### 16130.    COOK *v.* THE STATE.

LUKE, J.    1. In a prosecution for the offense of having intoxicating liquors, alleged to have been committed on a specified date within the statute of limitations, the State is not restricted in its proof to the date so alleged, but may make out its case by proof that the alleged offense was committed on that date or on any other date or dates within two years prior to the filing of the indictment or accusation. *Holmes* v. *State*, 7 *Ga. App.* 570 (3) (67 S. E. 693). The accused is protected

against a subsequent prosecution for any such offense, whether the original charge, on the trial thereof, was or was not proved. *Craig* v. *State*, 108 *Ga.* 776 (2) (33 S. E. 653).

2. In the trial of such a case, evidence tending to show that, upon a search of the defendant's premises, whisky was found concealed in his dwelling house, or in an outhouse on the premises, or in a field adjoining the dwelling house, or at any other place upon the premises, is not subject to the objection that it is irrelevant. *O'Berry* v. *Davis*, 31 *Ga.* 755 (2). Whether the accused or some other person had,. possessed, or controlled it is a question for determination under all the evidence.

3. Since articles taken from the premises of the accused, tending to establish his guilt of the offense with which he is charged, are admissible in evidence against him, notwithstanding the articles were discovered by an unlawful search (*Calhoun* v. *State*, 144 *Ga.* 679, 87 S. E. 893), the refusal of the court to allow the witness who made the search to answer whether the search was with or without warrant affords no cause for a new trial.

4. In a prosecution for having intoxicating liquors, where there is evidence tending to show that the accused repeatedly committed the alleged offense at times within the statute of limitations, additional evidence, tending to show commission of the same offense by the accused at a time not within the statute of limitations is not subject to the objection that it is irrelevant. It is relevant on the question as to intent, and as a circumstance corroborative of the evidence relating to transactions within the statute. *Lee* v. *State*, 8 *Ga. App.* 413 (3) (69 S. E. 310); *Bass* v. *State*, 103 *Ga.* 227 (29 S. E. 966); *Nobles* v. *State*, 127 *Ga.* 213 (3) (56 S. E. 125).

5. The record discloses no reversible error.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 3, 1925.

Possessing intoxicating liquor; from city court of LaGrange— Judge Duke Davis. November 20, 1924.

*J. R. Terrell Jr.,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.