24330.   ASHWORTH *v.* THE STATE.

DECIDED APRIL 19, 1933.   REHEARING DENIED MAY 24, 1935.

*Paul H. Field,* for plaintiff in error.
*John C. Mitchell, solicitor-general,* contra.

MACINTYRE, J.   The defendant Ashworth and J. Lane were in the defendant's car when an officer approached the car.   J. Lane fled and sixty-five gallons of intoxicating liquor were found in the car.   The defendant stated, not at that time but later, that he had rented the car to J. Lane, but heard that Lane was drinking, and went out to find Lane and the car, and to get possession of the car in order to keep it from being injured; that he found Lane several miles out from Dalton in the country, and at the time he (defendant) and the liquor were found in his car he did not know the whisky was in there; that the liquor belonged to Lane.   Lane (who admitted he had a reputation for handling liquor) and another witness, who worked for the defendant, corroborated the defendant's statement.   However, there was testimony and there were facts and circumstances which discredited the testimony of the two corroborating witnesses and the defendant's statement.   The jury evidently did not accept the explanation, and were authorized, under the evidence, to find the defendant guilty.

*Judgment affirmed.   Broyles, C. J., and Guerry, J., concur.*

ON MOTION FOR REHEARING.

MACINTYRE, J.   This court did not overlook the fact in the record that the plaintiff in error contended that the court erred in charging the jury as follows: "If, on or about the date charged

in this bill of indictment, or at anytime within two years prior to the return of this bill of indictment, this defendant committed the act charged in this bill of indictment, he would be guilty;" and that he assigned error on this charge for the following reasons: "This charge created in the minds of the jury that if the defendant had committed any violation of the laws of this State concerning the possession of liquor within the past two years, he would be guilty under this bill of indictment. It further created in the minds of the jury the idea that if this defendant proved his innocence on the date charged in this bill of indictment, he would be guilty if he did not prove his innocence for every day during the two years prior to the finding of this bill of indictment. This charge does not put the defendant upon any notice as to what he will have to defend. This charge is not in conformance with the law of this State upon the statute of limitations for misdemeanors, which is that a bill of indictment must be drawn within two years from the time the commission of such misdemeanor comes within the knowledge of the court. Movant respectfully insists that the charge complained of does not state the intention of the statute of limitation laws, nor does it set out the language of said law. Movant further contends that under this charge the jury could not arrive at the true meaning and intention of the law."

In this case only one offense is testified to, and the evidence indicates no uncertainty as to the occasion referred to, and there was no question involved as to the tolling of the statute of limitations. We can see no reason why we should say that the judge erred in giving the charge ordinarily given in misdemeanor cases by the trial judges in this State. We think this form of charge is generally recognized by textbook writers, trial judges and the appellate courts of this State as embracing principles which are fundamental in the penal law. And we will not say that the jury could not understand the meaning and intention of the law under this charge.

The charge herein referred to was not erroneous for any of the reasons assigned. *Cole* v. *State,* 120 *Ga.* 485 (2) (48 S. E. 156); *Holmes* v. *State,* 7 *Ga. App.* 570 (3) (67 S. E. 693); *Cook* v. *State,* 33 *Ga. App.* 571 (127 S. E. 156); *Werner* v. *State,* 51 *Ga.* 426; 1 Randall on Instructions to Juries, § 311.

*Rehearing denied. Broyles, C. J., and Guerry, J., concur.*