## 24791. LEDBETTER *v.* THE STATE.

Decided July 23, 1935.

*Maddox & Griffin,* for plaintiff in error.

*James F. Kelly, solicitor-general, J. Ralph Rosser,* contra.

MacIntyre, J. Ernest Ledbetter, the defendant in error, was convicted of the offense of possessing intoxicating liquor, on a separate indictment. The evidence for the State in part shows that Kenyon Pierce was running a lunch room and drink stand just outside of the city of Rome; that the officers went, upon information, to raid this place; that on approaching Pierce's place (the lunch room), Ledbetter was seen to run into the place, and the officers followed him in quick pursuit; that Ledbetter was seen to

hand to Pierce some bottles of whisky, and Pierce handed them to Beard through a little window into the cookroom; that Beard broke them in the sink; that all three were arrested; that after the arrest the officer was talking to Kenyon Pierce, "and I [the officer] asked him why he didn't stop selling whisky, and he told me that if we would let him go this time, that he would close up that place that night and wouldn't open it up again." The testimony was also to the effect that Ledbetter and Beard worked for Pierce in the lunch room.

Error is assigned on the ground that the court erred in permitting the officer to testify to his conversation with Pierce, the ground of the objection being that it was immaterial and irrelevant to the issue involved and that Ledbetter would not be bound by any statement that might be made by the witness Pierce, and that the effect was to inflame and prejudice the minds of the jury against the defendant; that the defendant could not be bound by any statement, admission, or confession of Pierce.

The declarations of Pierce were made while the defendant Ledbetter was in the employment of Pierce. They could be used as a part of a chain of evidence to establish the fact that Pierce knew whisky was being sold in his place of business, and leaving the defendant's knowledge to be inferred from his association with Pierce as an employee before, at the time of, and after the commission of the crime. *Jones* v. *State,* 63 *Ga.* 395. If no conspiracy was shown and the officer had assertively sworn that the declarations by Pierce (in the absence of the defendant) were that the defendant possessed the whisky, they would of course have been inadmissible against the defendant as being hearsay testimony. Here, however, the evidence was used not assertively that the defendant possessed whisky (the charge in the indictment), but as a part of some otherwise relevant acts, that the whisky was being sold in the place of business of the defendant's employer; that the employer had knowledge of it and that it was not beyond the scope of reasonable inference that the employer imparted this knowledge to the defendant employee. 2 Wigmore on Evidence (2d ed.), 776, § 1768 (2). Thus it was for the jury to say whether they should draw the inference from the fact of an assertion to the matter asserted, and then the inference from the matter asserted to the proposition to be proved. 1 Wigmore on Evidence (2d ed.), 226, § 25. See also

*Cole* v. *State,* 120 *Ga.* 485 (48 S. E. 156). Dealing with the declarations not merely as such, but with them as a part of a chain of connected facts, connecting the prisoner with the crime, they were admissible even though they were not made in the defendant's presence during the pendency of the criminal project. *Thompson* v. *State,* 166 *Ga.* 758, 777 (144 S. E. 301). The admission of the evidence was not cause for a new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*