## 24776. FITZGERALD v. THE STATE.

BROYLES, C. J. 1. In a prosecution for possessing whisky it is not error to admit evidence showing or tending to show that on other occasions, both before and after the date of the offense charged in the accusation, the defendant possessed whisky. Such evidence is relevant to show intent or motive and circumstances corroborative of the evidence relating to the transaction charged in the accusation upon which the defendant is being tried. *Jones* v. *State*, 32 *Ga. App.* 7 (122 S. E. 905); *Ealey* v. *State*, 40 *Ga. App.* 727 (151 S. E. 400), and cit. Applying the foregoing ruling to the facts of the instant case, special grounds 1, 2, and 3 of the motion for a new trial are without merit.

2. Under the facts of the case the court did not abuse its discretion in overruling the defendant's motion to declare a mistrial and to rebuke the solicitor because of his alleged improper argument to the jury, in which he criticized the statement made by the defendant to the jury. A prosecuting attorney has the right to discuss and criticize, within proper bounds, a defendant's statement, although he has no right to criticize the defendant's failure to make any statement at all.

3. The following instruction to the jury was not error: "I charge you that if a person takes up a glass of whisky in his or her hand for the purpose of drinking from it, that person is in possession and control of the liquor." *Wright* v. *State*, 48 *Ga. App.* 783 (173 S. E. 442).

4. The excerpt from the charge wherein it was explained to the jury why evidence as to other similar whisky transactions was admitted, and that the defendant could not be convicted on or for those transactions, was not erroneous for any reason assigned.

5. It is unnecessary to pass on the general grounds of the motion for a new trial, since counsel for the plaintiff in error concede in their brief that the verdict was authorized by the evidence.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur specially.*

DECIDED JULY 26, 1935. REHEARING DENIED AUGUST 15, 1935.

*Feagin & Feagin,* for plaintiff in error.
*Oscar L. Long, solicitor,* contra.

MACINTYRE, J., concurring specially. It seems to me that under the general prohibition law of Georgia it is entirely immaterial with what intent the defendant possesses intoxicating liquor. *Cohen* v. *State,* 7 *Ga. App.* 5 (65 S. E. 1096); *Klug* v. *State,* 77 *Ga.* 734 (5). It is true, however, that he must knowingly have, control, or possess it. Under the facts of this case, in order to rebut a defense based upon evidence, which was open to the defendant, that he did not know the contents of the jug of intoxicating liquor which was left in his yard near a water spigot by another person in no way connected with him as a member of family or otherwise, the

State could introduce other transactions of a similar character which would tend to show the true nature of the transaction in question, and support the State's claim that the defendant knowingly had, possessed, or controlled the intoxicating liquor on the occasion charged in the accusation. The other similar transaction tended to characterize the transaction in question as a knowing possession. In short, the other transactions, which happened to be punishable under the law as a crime, are relevant and admissible to show guilty knowledge or scienter. See State v. Donaluzzi, 94 Vt. 142, 146 (109 Atl. 57). I think the evidence was also admissible for the reasons stated by Guerry, J., in his concurring opinion in the instant case. See Holmes v. State, 7 Ga. App. 570 (5) (67 S. E. 693).

GUERRY, J., concurring specially. The accusation charges generally that the defendant was in possession of intoxicating liquors on October 6, 1934. The accusation is founded on an affidavit dated October 11, 1934. The State may introduce evidence of any violations of the statute under which the accused may be charged, which occurred within two years prior to the date of the filing of the accusation. Shealey v. State, 16 Ga. App. 191 (84 S. E. 839), and cit. The evidence objected to was admissible under this rule. I therefore concur in the result reached, but not all that is said in the decision.