## 25734. DAVIS, *alias* BATTLE, *v.* THE STATE.

BROYLES, C. J. 1. "In a prosecution for possessing whisky it is not error to admit evidence showing or tending to show that on other occasions, both before and after the date of the offense charged in the accusation, the defendant possessed whisky. Such evidence is relevant to show intent or motive and circumstances corroborative of the evidence relating to the transaction charged in the accusation upon which the defendant is being tried." *Fitzgerald* v. *State*, 51 *Ga. App.* 636 (181 S. E. 186), and cit. Under the principle of this ruling and the facts of the instant case, the judge did not err in admitting the evidence complained of in the petition for certiorari.

2. The evidence, while wholly circumstantial, was sufficient to exclude every *reasonable* hypothesis save that of the defendant's guilt. The trial judge, without a jury, did not err in finding the accused guilty of possessing whisky; and the judge of the superior court did not err in overruling the certiorari. *Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

MACINTYRE, J., concurring specially. I agree to the judgment of affirmance, but not to all that is said in headnote 1. In my opinion, it is entirely immaterial with what intent the defendant possessed the intoxicating liquors. *Fitzgerald* v. *State*, supra.

DECIDED OCTOBER 14, 1936.

*Marvin G. Russell,* for plaintiff in error.
*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.