### 29926. WALKER *v.* THE STATE.

DECIDED APRIL 29, 1943.

*Russell G. Turner,* for plaintiff in error.

*Lindley W. Camp,* solicitor, *John A. Boykin,* solicitor-general, *Durwood T. Pye,* contra.

MACINTYRE, J. By stipulation between counsel for the State and the defendant, it was agreed that on the date of the arrest of

the accused there was in operation in the county a lottery known as the "number game;" and the manner in which the lottery was operated was detailed. This is the same lottery described in *Turk* v. *State*, 55 *Ga. App.* 732 (191 S. E. 283), and *Cutcliff* v. *State*, 51 *Ga. App.* 40 (179 S. E. 568), and so frequently before this court. See *Goodrum* v. *State*, ante.

The evidence authorized a finding that the officers found in the room in which the defendant was present, and in which she lived or resided, a lottery book which is a part of the paraphernalia used in playing the lottery game such as is described in the evidence; that the contents of the book showed it was used that day in a lottery game; and particularly, that there were three separate sales that were made on that day in a lottery game. The book was found in the room in question in a stove, and the defendant stated that she had tried to burn the book, and while it was considerably burned it showed the sale of three tickets, each containing two or more separate purchases of separate lottery chances, all written by "writer B14." The lottery book contains 150 pages in all, 50 yellow original tickets which go into headquarters of the company, 50 white pages which are used as copies of the tickets and given as receipts to the persons playing the numbers, and 50 white tissue pages which are used as the writer's record and remain in the book. In the operation of this lottery chances are sold by "writers" to players and one of the pages written in triplicate in the lottery book is given as a receipt to the purchaser, the writer retaining two copies, one of which is the original yellow ticket which the writer subsequently delivers to another agent of the lottery, known as the "pick-up" man by whom the tickets are delivered to the headquarters of the lottery before 2 p. m.

This book is thus a part of the paraphernalia used in the playing of the lottery game as described in the evidence, and the judge, sitting without the intervention of a jury, was authorized to find the defendant guilty. The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*