## 30667. DUNCAN v. THE STATE.

MacIntyre, J. 1. The evidence, though conflicting, authorized the verdict.

2. The defendant has the right to argue his case, either personally or by an attorney; but it is not proper for him to make the argument while he is on the stand; and it was not reversible error, when, on objection by the solicitor-general that the defendant was arguing his case from the witness stand, the judge ruled that, in making his statement to the jury, the defendant should not "argue anything;" but that "he could make any statement he wanted to in his behalf. I want him to understand that." We think that it is clear, and was so understood by the defendant and the jury at the time, that the judge's ruling in the premises in no way restricted the defendant, except that he was not to argue his case while on the stand.

3. The rulings in *Mills* v. *State*, 71 *Ga. App.* 353 (30 S. E. 2d, 824), are controlling on the other issues in the present case, and the superior court did not err in overruling the certiorari.

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*

Decided November 17, 1944. Rehearing denied December 12, 1944.

842

C. G. Battle, Ellis McClelland, for plaintiff in error.

Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye, contra.

ON MOTION FOR REHEARING.

MacIntyre, J. 1. Going specifically into several of the assignments of error in the certiorari, we state:

(a) "The purpose of the Code, § 26-6502, 'is 'to suppress lotteries by making it an offense to maintain or carry on one, or to do any of the several acts entering into the conduct of such a business; and the statute was framed, doubtless, with a view to reach all persons who might carry on, or participate in carrying on, the forbidden enterprise.' " Walker v. State, 69 Ga. App. 375 (25 S. E. 2d, 587).

(b) In misdemeanors, all who aid and abet in the commission of the offense are principals. Lewis v. State, 57 Ga. App. 340, 342 (195 S. E. 285).

(c) The evidence, while circumstantial, authorized a finding that the books, tickets, and adding machine introduced in evidence, were a part of the paraphernalia used by the defendant in playing the lottery game charged in the accusation, and thus that the defendant did some of the several acts entering into the conduct of such lottery business, and participated in carrying on the forbidden enterprise. Mills v. State, supra. See also Thrasher v. State, 68 Ga. App. 820, 823 (24 S. E. 2d, 222).

2. As we interpret the record, a witness was allowed to answer that in addition to the lottery paraphernalia he found on the day alleged in the accusation, he had, on another occasion and within two years prior to that date, found lottery books and tickets "around the defendant's place of business." He described the specific place where he had found them as follows: "His place is built in there where a bank [of dirt] has been dug out and

there are two or three doors there, and in the back of his place, in back of the drug store, are some boxes built in over gas meters, and we found on two or three different occasions, a number of blank lottery books packed in these gas meters, where you couldn't see them." This evidence, in connection with other evidence, authorized the jury to find that these tickets were on the premises of the defendant, or in his possession. The State is not confined to the date alleged in the accusation in proving the crime, but may prove it as of any date within the period of the statute of limitations (in the instant case two years). When the accusation charges the offense generally, the State need not rest its case on proof of a single transaction, but may prove or attempt to prove any number of transactions of the character charged in the accusation and included within its term. *White* v. *State*, 9 *Ga. App.* 558 (71 S. E. 879). This evidence was admissible as a circumstance in connection with the other proved circumstances in the case, all of which, when taken together, authorize a finding that the defendant was guilty as charged. *Mills* v. *State* (supra). See also *Cole* v. *State*, 120 *Ga.* 485 (48 S. E. 156); *Fitzgerald* v. *State*, 51 *Ga. App.* 636 (181 S. E. 186). This and all other matters in the motion having been considered, the motion for rehearing is *Denied. Broyles, C. J., and Gardner, J., concur.*