·30833. ANDERSON *v.* THE STATE.

MacINTYRE, J. 1. The purpose of section 26-6502 of the Code is "to suppress lotteries by making it an offense to maintain or carry on one, or to do any of the several acts entering into the conduct of such a business; and the statute was framed, doubtless, with a view to reach all persons who might carry on, or participate in carrying on, the forbidden enterprise." *Walker* v. *State,* 69 *Ga. App.* 375 (25 S. E. 2d, 587).

2. The evidence showed that a lottery, known as the "number game," was being operated in Fulton County, Georgia, and then described how this "number game" was played. The "number game" has been fully described in *Outcliff* v. *State,* 51 *Ga. App.* 40 (179 S. E. 568), *Goodrum* v. *State,* 69 *Ga. App.* 373 (25 S. E. 2d, 585), and other cases; and we deem it unnecessary to set out at length the evidence describing it in the instant case. The evidence further showed that the defendant was participating in the carrying on of a lottery, as charged in the accusation, in the capacity of a "pick-up man;" that when he was approached by the officers, he fled and undertook to hide the lottery tickets, which were found in his possession. Thus by acting as a pick-up man, he was doing one of the several acts entering into the conduct of the

. lottery business. The evidence authorized the verdict and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

DECIDED APRIL 17, 1945. REHEARING DENIED JUNE 6, 1945.

*M. F. Stinchcomb,* for plaintiff in error.

*Lindley W. Camp,* solicitor, *E. E. Andrews,* solicitor-general, *Durwood T. Pye,* contra.