### 30839. DAVIS v. THE STATE.

MACINTYRE, J. 1. The purpose of section 26-6502 of the Code is "to suppress lotteries by making it an offense to maintain or carry on one, or to do any of the several acts entering into the conduct of such a business; and the statute was framed, doubtless, with a view to reach all persons who might carry on, or participate in carrying on, the forbidden enterprise." Walker v. State, 69 Ga. App. 375 (25 S. E. 2d, 587).

2. The defendant was found guilty of participating in a lottery known as the number game. The jury were authorized to find that the defendant was standing in the doorway of his pressing club, and that when the officers approached him he ran into the pressing club; that the officers caught him standing by a coat which was hanging on a rack, and which he said was his; that the coat contained a letter addressed to the defendant and also an original lottery book; that lottery books belonging to the same writer were found in the defendant's pressing club on another occasion; that this lottery book was a part of the paraphernalia used in playing the lottery game described in the evidence, and that the defendant was using it in playing the lottery game.

3. All the other assignments of error in the certiorari have been decided adversely to the defendant in Mills v. State, 71 Ga. App. 353 (30 S. E. 2d, 824), and the judge of the superior did not err in overruling and denying the certiorari.

Judgment affirmed. Broyles, C. J., and Gardner, J., concur.

DECIDED APRIL 17, 1945. REHEARING DENIED APRIL 28, 1945.

C. G. Battle, for plaintiff in error.

Lindley W. Camp, solicitor, E. E. Andrews, solicitor-general, Durwood T. Pye, contra.