### 33338. DANIEL *v.* THE STATE.

DECIDED APRIL 17, 1951.

James R. Venable, H. C. Morgan, for plaintiff in error.

Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Frank S. French, J. E. Thrift, Charlie O. Murphy, contra.

MacINTYRE, P. J. The defendant, Jack Daniel, was convicted in the Criminal Court of Fulton County under an accusation charging him with the offense of having maintained and carried on a lottery in Fulton County on November 25, 1949, which is a misdemeanor. He applied to the Superior Court of Fulton County for a writ of certiorari, which was overruled and he excepted.

"The State is not confined to the date alleged in the accusation in proving the crime, but may prove it as of any date within the period of limitations. . . When the accusation charges the offense generally, the State need not rest its case on proof of a single transaction, but may prove or attempt to prove any number of transactions of the character charged in the accusation and included within its terms." White v. State, 9 Ga. App. 558 (1, 2) (71 S. E. 879). "The State, in making out its case, is not confined to the day named in the accusation, but may prove the commission of the offense at any time within two years prior to the date of the accusation; and . . whether acquitted or convicted the accused can not again be tried for such an offense committed within the period of limitation governing the case on trial." Cole v. State, 120 Ga. 485 (2) (48 S. E. 156). "In a prosecution for a misdemeanor . . the State may prove as many separate . . [commissions of the offense charged] as it can, provided such . . [commission of the offense] occurred within two years before the filing of the accusation." Holmes v. State, 7 Ga. App. 570 (3) (67 S. E. 693).

In the instant case the evidence showed that on October 5, 1949, a city detective, W. O. Allen, went to 307 Pulliam Street in the City of Atlanta, Fulton County, Georgia, the residence of Mr. Hill, and found lottery in his home, and also found the defendant Jack Daniel, whom he knew at that time as Jack Davis, sitting in the room of Mr. Hill's home and on his person he had some "complete lottery." Mr. Allen also testified: "That

was at 307 Pulliam Street on October 5, 1949, in Fulton County, Georgia. I went there right after one o'clock. The defendant made no explanation concerning the lottery there with him; all he said was he was an interior decorator and was just figuring on the house. We found him in a room with a telephone and lottery paraphernalia recovered at that time. We also found adding machine ribbons, and adding machine, high and low money and figures in a book. By high and low money I mean it showed the high and low money for the day, the low being what was left after 25% was taken off of the high money, which is a lottery operation." This evidence was admissible over the objection urged that it put the defendant's character in issue and was alone sufficient to authorize the jury to find the defendant guilty as charged of maintaining and carrying on a lottery (*Thomas* v. *State*, 118 *Ga.* 774, 45 S. E. 622), irrespective of the other evidence which was introduced relating to the defendant's maintaining and carrying on a lottery on October 25, 1949. *Holmes* v. *State*, supra; *Cole* v. *State*, supra; *Duncan* v. *State*, 71 *Ga. App.* 841 (32 S. E. 2d, 435) ; and see, *Fitzgerald* v. *State*, 51 *Ga. App.* 636, 637 (181 S. E. 186).

The superior court did not err in overruling and denying the writ of certiorari.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*