## 43462.   GRANTHAM v. THE STATE.

JORDAN, Presiding Judge.   This is an appeal from the overruling of a motion for new trial after conviction of the misdemeanor offense of selling whiskey in a dry county.   Counsel for the appellant argues and insists upon the enumerations insofar as they relate to two special grounds of his motion for a new trial.   *Held:*

1. A misdemeanor indictment charging the commission of an offense, without showing that the date alleged therein is an essential averment, covers any offense of the nature charged within the two-year period of limitation, including the date alleged, and the State is not confined to proof of a single transaction, but may prove or attempt to prove any number of transactions of the nature charged within the period, although punishment upon conviction is limited to a single offense, and acquittal or conviction, upon proper plea, operates as a bar to further prosecution for any offense of the nature charged within the period.   *Cole v. State,* 120 Ga. 485 (2) (48 SE 156); *Holmes v. State,* 7 Ga. App. 570 (3) (67 SE 693); *White v. State,* 9 Ga. App. 558 (71 SE 879); *Martin v. State,* 73 Ga. App. 573 (3, 4) (37 SE2d 411); *Daniel v. State,* 83 Ga. App. 733, 734 (64 SE2d 690).   Thus, where the accused is charged with illegally selling whiskey, and the indictment does not show that the alleged date of August 21, 1966, is an essential averment, testimony as to sales observed by an investigator at the accused's place of business within about three weeks preceding the alleged date is admissible as evidence tending to show the commission of an offense within the terms of the indictment.   Accordingly, there is no merit in the objection of counsel on the ground that the testimony was inadmissible evidence of other criminal transactions, and the trial judge did not err in refusing to exclude the evidence or grant a mistrial, and in thereafter failing to give cautionary instructions to the jury.

2. There is no merit in the contention that the trial court erred in refusing to grant a mistrial on account of the comment of counsel for the State, "I'm trying to show his unwillingness to testify in this case.   He didn't want to testify, and . . ." during the cross examination of the witness, whose testimony and appearance were used by the defense as proof that he, if anyone, and not the accused sold whiskey to the investigator on

August 21, 1966. Any impropriety in this remark, there being no evidence before the jury as to the reluctance of the witness to testify, was eradicated by the court's instruction that "You will not let his comment have any bearing whatsoever on your deliberations in this case. You will disregard it entirely in your deliberations of this case."

*Judgment affirmed. Pannell and Deen, JJ., concur.*

ARGUED FEBRUARY 7, 1968—DECIDED MARCH 8, 1968— REHEARING DENIED MARCH 22, 1968—CERT. ▐

*Garland T. Byrd,* for appellant.
*Albert D. Mullis, Solicitor General,* for appellee.