### 47473. BURNS v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted in five counts for the possession and sale of marijuana and heroin as follows: (1) for possession of marijuana on the 20th day of January, 1972 (convicted and sentenced to serve 12 months); (2) possession of marijuana on the 2nd day of February, 1972 (convicted and sentenced to serve 12 months); (3) sale of marijuana on the 2nd day of February, 1972 (convicted and sentenced to serve two years); (4) possession of heroin on the 5th day of February, 1972 (convicted and sentenced to serve five years); and (5) sale of heroin on the 5th day of February, 1972 (convicted and sentenced to serve eight years). The order of the court required that the sentences run consecutively, and amounted to a total of 17 years. The appeal is from the judgment and sentence. *Held:*

The contention of the defendant is that the possession and

sale of marijuana on the same day and the possession and sale of heroin on the same day merged, and that the court thus erred in charging the jury that it might convict the defendant of separate counts and in thereafter entering judgment against the defendant on the separate counts and sentencing him on the separate counts. Defendant contended there was a merger of several of the crimes charged.

"When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other, or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." § 26-506, Criminal Code of Georgia (Ga. L. 1968, pp. 1249, 1267).

The offense of sale of marijuana and heroin necessarily included the offense of possession of marijuana and heroin, that is, unless the evidence showed they were on different occasions on the same date. But in this instance the evidence showed that there was a merger of certain of the counts of possession and sale; thus, under the Criminal Code the doctrine of merger is still the law in this State. See *Walden v. State,* 121 Ga. App. 142 (4), 146 (173 SE2d 110); *Gary v. State,* 122 Ga. App. 151 (2) (176 SE2d 478); *Wells v. State,* 126 Ga. App. 130 (2) (190 SE2d 106).

This decision is not in conflict with the decision of the Supreme Court in *Gee v. State,* 225 Ga. 669 (171 SE2d 291), in which both the date of the offense (November 21, 1968) and the trial of the case (March 19, 1969) occurred prior to the effective date of the Criminal Code of Georgia (Ga. L. 1968, pp. 1249, 1267). Consequently, the decision rendered in *Thompkins v. State,* 126 Ga. App. 683 (191 SE2d 555), which relies on *Gee v. State,* supra, is erroneous and is specifically overruled.

Accordingly, the court erred in charging the jury that a

verdict of guilty could be returned as to each count of the indictment, including those counts where there was a merger as heretofore set forth; and erred in sentencing the defendant on those counts which were merged with other counts, which amounted to double jeopardy.

*Judgment reversed. Bell, C. J., Quillian, Clark and Stolz, JJ., concur. Hall P. J., Eberhardt, P. J., Pannell, and Deen, JJ., dissent.*

SUBMITTED SEPTEMBER 6, 1972—DECIDED JANUARY 11, 1973.

*Burt, Burt & Rentz, Van Cheney,* for appellant.
*Robert W. Reynolds, District Attorney,* for appellee.

DEEN, Judge, dissenting. 1. I concur in the judgment insofar as a reversal on Count 1 of the indictment is concerned, but for a different reason. Count 1 charges possession of marijuana on January 20, 1972, and Count 2 possession of marijuana on February 2, 1972. Neither count makes the date an essential element of the offense. Therefore, under this indictment, proof of possession on February 2 and any other time within two years prior thereto constitutes but one offense. "The State in making out its case is not confined to the day named in the accusation, but may prove the commission of the offense at any time within two years prior to the date of the accusation; and . . . whether acquitted or convicted the accused cannot again be tried for such an offense committed within the period of limitation governing the case on trial." *Cole v. State,* 120 Ga. 485 (2) (48 SE 156); *Grantham v. State,* 117 Ga. App. 444 (160 SE2d 676); *Holmes v. State,* 7 Ga. App. 570 (3) (67 SE 693); *White v. State,* 9 Ga. App. 558 (71 SE 879); *Daniel v. State,* 83 Ga. App. 733, 734 (64 SE2d 690). Where a multicount indictment charges such an offense on several dates without making the day alleged in each count an essential element to be proved before a conviction can be had, although the State may prove the commission of the offense on each day alleged, only one punishment may be inflicted. *Martin v. State,* 73 Ga. App. 573, 577 (37 SE2d 411). I concur in the

reversal as to Count 1 for this reason.

2. Coming to the fundamental differences between the decision in this case, *Wells v. State,* 126 Ga. App. 130 (2) (190 SE2d 106), and that of *Thompkins v. State,* 126 Ga. App. 683 (191 SE2d 555), I thoroughly agree with Judge Evans in his statement that "the doctrine of merger is still the law in this State," which statement is made immediately after quoting the provisions of *Code Ann.* § 26-506, the substance of which is that if the same conduct establishes the commission of more than one crime the defendant may be prosecuted for both, but he cannot be "convicted" of more than one *if* one is included in the other. Such cases depend on the "same evidence" rule and show clearly that *Code Ann.* § 26-506 merely repeats what has always been the law in this State. In *Bell v. State,* 103 Ga. 397 (30 SE 294, 68 ASR 102), the defendant was put on trial for assault and battery. The evidence as it unfolded established that the attack, if made, was for the purpose of committing a rape, the court discharged the jury and had the defendant bound over for assault with intent to rape, as to which he pleaded former jeopardy. Reversing the conviction the Supreme Court held (p. 402): "But it is legally impossible to commit the offense of assault with intent to commit a rape without committing the offense of assault. The greater offense always includes the less . . . both assault and battery become component parts of the felony, and under an indictment for the highest offense there may be a conviction of either of the lower ones." This is simply the doctrine of "included crimes" as set out in *Code Ann.* § 26-506. *It has always been* and is now the established law of this State. *But* if one crime is included in another it is only necessary to charge the defendant with the greater offense, since assault with intent to rape might have resulted in a verdict for simple assault, just as an indictment for murder may result in a conviction of involuntary manslaughter. Could this defendant, if indicted only for sale of heroin, have been found guilty of illegal possession only? That is the true question at issue so far as merger is con-

cerned. But the case goes on to distinguish *Blair v. State,* 81 Ga. 629 (7 SE 855), where it was held that multi-count convictions for selling liquor without a license and selling liquor to a minor, the evidence showing a single sale, did not merge because *each had an ingredient of the offense which was not a necessary element in and an essential part of the other.* In one it must be proved that there was no license; in the other that the purchaser was a minor. The books are full of distinctions of this kind, all to the effect that there is no merger unless *as a matter of law* as well as a matter of fact all elements merge. *Harris v. State,* 193 Ga. 109, 114 (17 SE2d 573, 147 ALR 980). Many states follow the rule that where the defendant commits a single act which renders him guilty of two crimes, and proof of one of them *under the evidence in the case* is an essential ingredient in proof of the other, he may only be punished once. This is not, however, the law in Georgia. Chief Justice Bleckley reluctantly concurred in the *Blair* case on this very point, emphasizing that there was but a single sale and the defendant should only be punished once, but he agreed to the conclusion reached (two crimes; two punishments), stating: "I acquiesce on authority for the present but without changing in the least my opinion on the principle." In *Gee v. State,* 225 Ga. 669 (5) (171 SE2d 291) it was held: "The possession of drugs in violation of the Georgia Drug Abuse Control Act, and the selling of the same drugs, are in law separate and distinct crimes and each is punishable." Being *as a matter of law* separately punishable, they do not *as a matter of fact* merge, and I repeat that *Code Ann.* § 26-506 in no way changed the law of merger, but only addresses itself to what happens after a merger has resulted. As stated in *Gee,* supra, p. 674: "There are different elements present in the two crimes of selling and possessing the prohibited drugs. Proof of the illegal sale of the drugs would not prove the illegal possession of the drugs, since persons might legally possess the drugs who could not legally sell them. Proof of the illegal possession of the drugs would not prove the illegal sale of the drugs. Neither

offense is a necessary element in and constitutes an essential part of, the other offense . . . They are in law separate and distinct offenses, and must be punished as separate crimes."

If we take an article such as a pistol, this reasoning is very clear. A pistol may be legally possessed provided the owner has a license. It may be either legally or illegally sold (as, for example, to a minor). On a two count indictment for illegal possession and illegal sale of the pistol, it is the same pistol and commands the same proof in this regard, but it may be illegally possessed and illegally sold or vice versa. Take also a two count indictment for illegal possession of a pistol and shooting at another. The possession of *some* pistol is necessary in order to shoot it, but one without a license is punishable for two crimes while one who has a license is guilty of only one. Accordingly, *Gee v. State* is directly in point and directly controlling in this case. *Thompkins v. State,* supra, followed *Gee v. State* and is in my opinion correct, and if this is true *Wells v. State,* supra, is wrong, and *Wells* should be overruled. If I am incorrect and *Wells v. State* stands, then *Thompkins v. State* should be overruled, as the conflict between them is irreconcilable, but I also feel that *Wells* is irreconcilable with *Gee v. State.*

Furthermore, the overall view expressed in *Blair v. State* and *Gee v. State* has recently been followed in *Ansley v. State,* 124 Ga. App. 670 (6) (185 SE2d 562) in which Judge Evans wrote an eloquent dissent. It was there held by a majority of eight of this court that the same acts *as a matter of fact* on the part of Petree in accepting money to secure the passage of municipal zoning legislation was an offense against two laws that did not merge and a motion to require the State to elect on which one it would proceed was properly overruled. An acquittal on one count was not repugnant to a conviction on the other. Notwithstanding the charge which was favorable to the defendant, and about which he could not complain, the jury could have found him guilty of both counts, and sentenced him on both, as

this court held these were separate and distinct crimes founded on the same act, each containing essential elements in the one not essential to the other. This was done at a time after the effective date of *Code Ann.* § 26-506 pertaining to includable crimes. If *Thompkins,* supra, is overruled, *Ansley,* supra, must also be overruled.

It should be clearly understood, under the authority of the majority opinion, the prosecution and conviction of separate and distinct crimes, one containing elements not essential to the other, will be substantially restricted in this state and will result in gross discrimination. For example, one who legally possessed marijuana and heroin and who illegally sold it would be convicted of one crime, the illegal sale; while another who illegally possessed marijuana and heroin and illegally sold it would only be guilty of one crime (the majority says one merges with the other). This could be applied to the illegal possession and sale of weapons and other contraband. The case differs in that there the court treated the counts as expressing the same transaction in charging that the defendant should not be convicted on both, but equally, he might have accepted a general verdict and meted out single sentence. Whether the offenses merged as a matter of fact it was not necessary to decide. In *Gee,* on the contrary, possession and sale of the same drug was charged in a two count indictment, guilty verdicts on each were returned, and the court gave consecutive sentences.

3. Adopting the majority view, I would still disagree with the general judgment of reversal. A proper judgment for this court would be to reverse as to Counts 1, 2 and 4 and affirm on the remaining counts. I particularly disagree with a general reversal on the ground that there was error in the charge in instructing the jury, as to each count, that a verdict of guilty could be returned. Obviously, a verdict of *not* guilty could not be returned as to Counts 2 and 4 if a guilty verdict was returned as to Counts 3 and 5, as such a verdict would be repugnant. *Britt v. State,* 36 Ga. App. 668 (137 SE 791); *Arnold v. State,* 39 Ga. App. 680 (148 SE

283); *Davis v. State,* 43 Ga. App. 122 (157 SE 888); *Evans v. State,* 46 Ga. App. 39 (166 SE 449).

I am authorized to state that Presiding Judges Hall and Eberhardt and Judge Pannell concur in this dissent.