## 50451. PERRY v. THE STATE.

QUILLIAN, Judge.

The appellant was tried and convicted of violation of the Georgia Controlled Substance Act, in that she had in her possession a quantity of marijuana consisting of more than one ounce. From this conviction an appeal was filed. *Held:*

1. The affidavit in support of a search warrant which resulted in the discovery of the marijuana and the appellant's arrest stated: "As an investigator with the Albany Police Department, Intelligence and Narcotics Division, the following affidavit is being made in the official capacity of same. I have received information within the past five days from a confidential informer who has proven reliable in the past by furnishing information to me five times within the past seven months which resulted in the confiscation of illegal drugs and/or narcotics and he tells me that there is, at this time, in the possession of the above named subject and other persons at the above described location, in the above described

location, a quantity of the illegal drug marijuana.

"This informer is familiar with marijuana by sight and smell and tells me that he has seen marijuana in the possession of the above described person and other persons in the above described apartment within the past five days. This informer further reports that within the past five days that he has observed the above named subject and other persons both using and selling marijuana in and from the above described vehicle which belongs to Eloise Perry.

"I have received information on numerous occasions from other confidential reliable informants who tell me that the above named subject is both a user and dealer of illegal drugs and that she sells from the above described vehicle along with other persons in the vehicle.

"Further information within the past five days from the above described reliable informant tells me that he has observed the above named subject along with other subjects, names unknown, at the above described location, selling marijuana from the above described apartment to other persons, names unknown to the informer. Personal observation by the above investigator within the past five days has revealed numerous other persons, both male and female, entering and leaving the above described apartment at all hours of the days and nights, some of which are known users and dealers of illegal drugs.

"A check of city utilities revealed that services for the above described apartment are issued to Eloise Perry. The above named subject has been arrested for drug violations by this division on five different occasions within the past 18 months and has served time on one occasion."

The appellant contends that the motion to suppress the evidence found as a result of the search warrant should have been granted because the police officer did not have sufficient knowledge of the informant's background and that some of the informant's information was not correct.

There is no requirement that the officer have knowledge of the informant's personal background. The affidavit stated that the informant had given him correct information 5 times within a period of 7 months which

resulted in the confiscation of illegal drugs and/or narcotics. The appellant's argument is without merit. The appellant also contends that the warrant was not valid because the informant stated that someone else in addition to the appellant occupied the apartment when in fact the evidence showed she lived there alone. The fact that the informant's information as to this particular fact might have been in error would not affect the question of whether the warrant was valid.

2. One enumeration of error contends that a mistrial should have been granted because the police officer was allowed to testify that the appellant stated that she had smoked marijuana for 20 years. Prior to making any statements the appellant was given the proper Miranda warning as to her rights. The admission of her statement was not error. *Fitzgerald v. State,* 51 Ga. App. 636 (181 SE 186).

3. The remaining enumerations of error are without merit.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

SUBMITTED APRIL 8, 1975 — DECIDED MAY 21, 1975.

*Greenholtz & Hind, H. T. Greenholtz, Jr.,* for appellant.

*William S. Lee, District Attorney, Daniel Mac- Dougald, Assistant District Attorney,* for appellee.